# THE STATE v. HARRY TAYLOR, Appellant.

### Division Two, December 3, 1923.

1. **APPEAL: Motion for New Trial After Sentence: Bill of Exceptions.** Where the motions for a new trial and in arrest in a criminal case were filed after sentence, neither the bill of exceptions nor errors occurring in the progress of the trial can be considered on appeal, but only the record proper is for consideration.

2. —————: —————: **No Allocution: Shown by Record Proper.** A defendant cannot in his motion for a new trial complain of a want of allocution, and the error cannot appear in the bill of exceptions, but can appear only in the record proper.

3. —————: —————: —————: **Affirmative Showing.** The record proper must affirmatively show an allocution; and a record reciting the verdict and in immediate sequence that "it is therefore ordered and adjudged that the said defendant be confined," etc., and "afterwards, to-wit, on the same day, comes the defendant herein and moves the court to set aside the verdict herein and grant defendant a new trial," affirmatively shows that the pronouncement of judgment .was not afterwards, but at the same time, the verdict was returned, and that defendant was not asked why sentence should not be pronounced, and was given no opportunity to file a motion for a new trial before judgment was rendered.
   *Held*, by WALKER, J., dissenting, that the record showing affirmatively that a motion for a new trial was filed and overruled, its failure to show that an allocution was afforded defendant will not alone authorize a reversal.

4. —————: —————: —————: **Motion for New Trial: Statute: Directory.** Section 4057, Revised Statutes 1919, declares that "when defendant appears for judgment, he must be informed by the court of the verdict of the jury, and asked whether he has any legal cause to show why judgment should not be pronounced against him," and Section 4058 declares that "if the defendant has been heard on a motion for a new trial, . .. . the requirements of the next preceding section shall be deemed directory, and the omission to comply with it shall not invalidate the judgment." *Held*, that by Section 4058 it is plainly implied that if the formality of an allocution is omitted, its omission, in the absence of a motion for a new trial, will invalidate the judgment. The importance of an allocution is that, if a defendant is brought before the court for judgment and asked whether he has any legal reason to show why judgment should not be pronounced against him, he may

State v. Taylor.

inform the court that he has had no opportunity to prepare and file a motion for a new trial, and may demand that sentence be deferred until such motion can be prepared and filed.

*Held*, by WALKER, J., dissenting, that Section 4058 provides that a motion for a new trial shall be held to be notice of the verdict to the accused, and where the record affirmatively shows that defendant filed a motion for a new trial, such motion necessarily carried on its face proof of the knowledge of the verdict, and possessed of this knowledge he was deprived of no right by a failure of the record to show an allocution, and the statute, as to such defendant, should be held to be directory only.

5. ———: ———: **Presumption of Judicial Duty.** In the absence of any record showing, the circuit court, by pronouncing judgment in a felony case, will be presumed on appeal to have found every fact necessary to confer jurisdiction of the cause, but it is not presumed to have performed every act necessary to be performed in the regular progress of a case. The record must show such formalities as the rendition of a verdict, the filing of a motion for a new trial, the overruling of such motion, the allocution and the judgment.

*Held*, by WALKER, J., dissenting, that, in the absence of any affirmative recital in the record that defendant was not afforded an allocution before judgment was pronounced, presumption of regularity in the proceedings of a court acting within the scope of its jurisdiction should be entertained, and it should be held that defendant was not denied the right to be informed of the verdict before judgment was pronounsed against him.

6. ———: ———: **Right to Appeal: Reasonable Time to File Motion for New Trial: Necessary Procedural Steps.** Our law contemplates that any defendant convicted of crime shall have a right to have his case reviewed upon appeal, a right of which he can be deprived only by his own neglect. A defendant convicted of a felony is by statute allowed four days within which to file his motion for a new trial, or during the term if less than four days remain. The trial court must allow him time to file such motion after the verdict and before pronouncing judgment. If he is allowed allocution and fails to ask time in which to file his motion he may be deemed to have waived his right to file it. If when granted allocution he demands time in which to file his motion, the court must grant him a reasonable time in which to prepare and file it, four days if necessary, unless the term should sooner end.

301 Mo.—28.

If judgment is pronounced against him immediately upon the return of a verdict of guilty, without an allocution and without an opportunity to him to file a motion for a new trial, the judgment is thereby invalidated.

7. ———: Judgment Without Allocution or Motion for New Trial. Defendant was charged with grand larceny, and the record shows that immediately upon the return of a verdict of guilty judgment in accordance therewith was pronounced and entered, and that thereafter and on the same day he filed his motions for a new trial and in arrest of judgment, and that they were overruled. It does not show that he was or was not accorded an allocution. *Held*, that neither his motions nor any error occurring during the progress of the trial can be considered on his appeal, but he was entitled to be asked, after the verdict was returned, whether he had any legal ground why judgment should not be pronounced against him, and to say, in response to such inquiry, that he desired to file a motion for a new trial, and to be given a reasonable opportunity to file such motion before judgment was pronounced against him, and such rights being denied him, the judgment must be set aside and the cause remanded in order that he may be brought before the court and asked why judgment should not be pronounced, and may again, before judgment is pronounced, file his said motions, and from the judgment then pronounced he will be entitled upon said re-filed motions to his appeal.

*Held*, by WALKER, J., dissenting, that, the motion for a new trial having been filed it necessarily carried on its face proof of actual knowledge by defendant that a verdict of guilty had been returned, and to remand the case for the sole purpose of ascertaining whether he had been informed of the verdict before judgment was pronounced would be a useless proceeding, and to affirm the judgment on the record proper would deprive him of no right.

Appeal from Boone Circuit Court.—*Hon. David H. Harris*, Judge.

REVERSED AND REMANDED.

*Don C. Carter* for appellant.

(1) The court erred in failing to give defendant's demurrer at the close of the evidence. State v. DeWitt,

191 Mo. 58; State v. Gordon, 199 Mo. 561; State v. Johnson, 209 Mo. 354; State v. Goodale, 210 Mo. 290; State v. Miller, 234 Mo. 588; State v. Bass, 251 Mo. 126; State v. Parris, 259 Mo. 435; State v. Tracy, 225 S. W. 1011; State v. Adkins, 222 S. W. 435; State v. Goldstein, 225 S. W. 913. (2) The evidence is not sufficient in law to sustain the conviction.

*Jesse W. Barrett,* Attorney-General, and *Robert W. Otto,* Assistant Attorney-General, for respondent.

Where the transcript in a criminal case duly certified by the circuit clerk and purporting to set forth a full transcript of the record proper shows the filing of the motion for new trial after judgment and sentence and fails to show allocution, there is nothing before this court for review except the record proper, and this court will reverse and remand the cause with directions to the trial court to have the accused brought into court for allocution. State v. Kyle, 231 Mo. 60, 61; State v. Dunnegan, 258 Mo. 373, 375. We respectfully submit that for the reason that the defendant was not informed of the verdict of the jury and asked to show cause why judgment should not be pronounced against him that this cause be remanded with directions to the trial court that the defendant be brought into court and that judgment be pronounced in accordance with the verdict.

WHITE, J.—The record in this case contains copy of an information filed in the Circuit Court of Boone County charging the defendant, Harry Taylor, with grand larceny, under Section 3316, Revised Statutes 1919, in that he stole one pocket knife of the value of $1.51, from the dwelling house of John McGavock. The record shows also that on October 25, 1922, a jury returned a verdict finding him guilty, as charged, and assessing his punishment at imprisonment in the county jail for one year.

The record then shows that a motion for new trial and a motion in arrest were filed and overruled *after* sentence was pronounced.

I.   We cannot consider errors occurring in the progress of the trial because no motion for new trial was filed before judgment, and therefore no bill of exceptions is before us for consideration. We have only the record proper.

Bill of Exceptions.

II.   Appellant claims that he was not allowed his allocution. The State confesses error in this respect, and asks that the case be remanded so that the defendant may be brought before the court and asked why sentence should not be pronounced. For the sake of regularity only we are asked to permit this empty formality which would not benefit the defendant except, perhaps, to delay for a short time the beginning of his sentence.

No Allocution.

The policy of our law contemplates that any defendant convicted of crime shall have a right to have his case reviewed on appeal, a right of which he may be deprived only by his own neglect. In this case it appears from the record that the defendant was not allowed time before judgment to file a motion for new trial or in arrest, and that he was not asked whether he could show any legal cause why judgment should not be pronounced against him. We will notice below the state of the record. Sections of the statute bearing upon that are as follows:

"Section 4079. *Motion for New Trial.*—The motion for a new trial shall be in writing, and must set forth the grounds or causes therefor, and be filed before judgment and within four days after the return of the verdict or finding of the court, if the term shall so long continue; and if not, then before the end of the term, and shall be heard and determined in the same manner as motions for new trials in civil cases.

"Section 4057. *Prisoner May Be Heard Before Sentence.*—When the defendant appears for judgment, he

must be informed by the court of the verdict of the jury, and asked whether he has any legal cause to show why judgment should not be pronounced against him; and if no sufficient cause be shown against it, the court must render the proper judgment.

"Section 4058. *Preceding Section, When Directory.* —If the defendant has been heard on a motion for a new trial, or in arrest of judgment, and in all cases of misdemeanor, the requirements of the next preceding section shall be deemed directory, and the omission to comply with' it shall not invalidate the judgment or sentence of the court."

These sections are quoted in their logical, not in their numerical, order.

In his motion for new trial the defendant could not complain of the want of allocution, because necessarily the motion must be filed before the court is obliged to call upon a defendant to say why sentence should not be pronounced. The error, therefore, cannot appear in the bill of exceptions and must appear in the record proper.

Several times this court has held that the record must affirmatively show the allocution in order to satisfy the requirements of the statute. [State v. Dunnegan, 258 Mo. 373; State v. Kile, 231 Mo. 59; State v. Kanupka, 247 Mo. l. c. 713; State v. Nagel, 136 Mo. l. c. 51.] That is the general rule. [8 R. C. L. p. 236; 16 C. J. 1295.]

The statutes above quoted indicate that necessity. Section 4058 provides that, if the defendant has been heard on motion for new trial, the requirements in regard to allocution shall be deemed directory, and the omission will not invalidate the judgment. Thus plainly it is implied that if that formality is omitted, in the absence of a motion for new trial, it would invalidate the judgment.

It is argued that the court will be presumed to have performed the duty of asking the defendant whether he had any legal cause to show why the judgment should not be pronounced against him. True, the court is pre-

sumed to have done its duty. For instance, the court is presumed to have found every fact necessary to be proven in order to render judgment. In the absence of any record upon the subject, the court, by pronouncing judgment, will be presumed to have found the facts necessary to confer jurisdiction of the cause. The court, however, is not presumed to have performed every act necessary to be performed in the regular progress of a case. The record must show that the jury was sworn. [State v. Mitchell, 199 Mo. 105; State v. Hurst, 123 Mo App. l. c. 42.] It must show such formalities as the filing of motion for new trial, the overruling of the same, and that the verdict was rendered.

III. The record here affirmatively shows that the defendant was not given time to file his motion for new trial, nor granted allocution. After reciting the plea of not guilty, the impaneling of the jury, and the reception of evidence and arguments, October 25, 1923, the record proceeds as follows:

"And after considering of their verdict, *now come the jury,* and in open court, on their oaths do say: 'We, the jury, find the defendant guilty, as charged, and assess his punishment at imprisonment in the county jail for a term of one year. Signed:—W. J. Carter, Foreman.' And thereupon the jury are discharged. *It is* therefore ordered and adjudged by the court that the said defendant be confined in the county jail of Boone County, for the period of one year, in accordance with the verdict of the jury, or until he shall be otherwise discharged by due course of law. It is further ordered and adjudged by the court that the State have and recover of and from the defendant all the costs of this cause, and that execution issue therefor."

This recital shows a continuous sequence from the returning of the verdict to the pronouncement of sentence. "*Now* come the jury," and present their verdict. "*It is* therefore ordered," etc. The sentence is the immediate consequence of the verdict, not in consequnce of his hav-

ing no cause to show why it should not be pronounced. It is all expressed in one entry upon the record, as if made at the same time. The usual method of entering a later order on the same day is to say: "And afterwards on the same day," etc. That method was followed by the clerk in this case, for following the above record occurs this: "And afterwards, to-wit, on Wednesday, Oct. 25, 1923" (the same date as that on which the verdict was returned) . . . "the following proceedings were had." Then follows the recital of the filing of the motion for new trial. This use of the word "afterwards" in regard to an occurrence on the same day, shows that the pronouncement of judgment was not afterwards, but at the same time the verdict was returned.

It was held by this court, opinion by FARIS, J., in case of State v. Guerringer, 265 Mo. 408, that where the defendant, found guilty by the jury fifteen minutes before the expiration of the term, failed to file his motion for new trial before judgment was rendered in pursuance of the verdict, the record showed on its face that defendant did not have time to file his motion for new trial before the end of the term. The opinion cites Section 4079, Revised Statutes 1919, which requires the motion to be in writing, sets forth the grounds for demanding a new trial, and held that as a matter of course defendant's counsel would not have time in fifteen minutes to prepare and file such a motion. There was a ruling to the same effect in State v. Brown, 206 Mo. 501. In each of those cases the judgment was reversed and the cause remanded for another trial because the defendant in each case, without any fault of his own, had been deprived of his statutory right to have his cause reviewed on appeal. Those cases have been cited with approval several times. [State ex rel. v. Anderson, 269 Mo. 381, l. c. 385; State ex rel. v. Ellison, 267 Mo. 321, l. c. 332.] In the present case the defendant, apparently, did not have any appreciable time to prepare and file his motion. Here, then, comes in the importance of allocution. If the judge had brought the defendant before him, and asked

him if he had any legal reason to present why sentence should not be pronounced, he could very properly have said: "I have a sufficient reason: I have not had time to prepare and file my motion for new trial which the statute allows me, and therefore I demand the sentence be deferred until the motion can be prepared and filed."

Where a defendant is asked if he has any legal cause to show why judgment should not be pronounced, his failure to file a motion or ask leave to do so is held to be waiver. [State v. Pritchett, 219 Mo. 696.] This court, in the case of State v. Carson, 231 Mo. l. c. 9, said this:

"In this case the record discloses that when the court came to pass upon the case, he announced his reasons for his verdict, and immediately, without giving counsel for defendant an opportunity to file a motion for a new trial, rendered his judgment, to which action of the court the defendant by his counsel at the time excepted and gave notice that he would file his motion for a new trial within the statutory time, and within four days did in fact file his motion for a new trial."

The court then held that defendant had not waived his right to file his motion; that the motion being filed within four days was properly filed, although after judgment was pronounced; the case was decided upon its merits as shown by the record preserved in its bill of exceptions. The opinion was by GANTT, J., in which BURGESS and KENNISH, JJ., concurred.

In the Guerringer Case, supra, a motion for new trial was filed after the term, and the court held it could not be considered, but since the defendant was not given time in which to file his motion, a new trial was ordered. From those cases and others cited above we summarize the law as follows:

A defendant convicted of a felony is by the statute allowed four days to file his motion for new trial, or during the term if less than four days remain. The court must allow time for him to file said motion after the verdict and before the pronouncement of judgment. If he is allowed allocution and fails to ask time in which

to file his motion he may be deemed to have waived it. If when granted allocution he demands time in which to file his motion, the court then must grant him a reasonable time, four days if necessary, unless the term should sooner end.

The defendant has done everything that he could do to avail himself of his statutory rights. He was convicted of a trifling offense, and suffered the imposition of a very heavy sentence for what under other circumstances would have been a mere misdemeanor.

The courts should not allow criminals to escape through technical error where it can be avoided. The duty is equally incumbent upon the court to protect a defendant from being railroaded to the penitentiary upon a technical error.

In this case the record shows affirmatively that the defendant was not given time to file his motion for new trial, or granted his allocution. The judgment then pronounced was irregular and should be set aside. When the case is remanded the trial court, after allowing allocution, may pronounce judgment, from which judgment the defendant of course may appeal if he be so advised. We see no reason why his motion already filed in proper time and before the entry of the judgment appealed from would not save for review all exceptions preserved in the bill of exceptions.

Accordingly, the judgment is reversed and the cause remanded. *David E. Blair, P. J.,* concurs; *Walker, J.,* dissents in separate opinion.

WALKER, J. (dissenting).—I do not concur in the majority opinion. The effect of the ruling therein is that the defendant was not given the right of an allocution, or in the language of the statute (Sec. 4057, R. S. 1919) informed by the trial court of the verdict of the jury and asked whether he had any legal cause to show why judgment should not be pronounced against him

and that this omission will necessitate a remanding of the cause.

This was an offense not capital and the alleged error did not require the reversal of the judgment. [State v. Stark, 72 Mo. 37; State v. Ball, 27 Mo. 324.] Under such circumstances the query arises as to whether a more wholesome disposition of the case than is made in the majority opinion, so far as this alleged error is concerned, would not have been to entertain the presumption of regularity permissible in regard to the proceedings of courts acting within the scope of their jurisdiction, and to have held that the defendant was not denied the right in question. This conclusion is given implied approval in the Stark and Ball cases, supra, and is expressly approved in Bond v. State, 23 Ohio St. 349. More especially should the presumption have been entertained when, as at bar, the failure of the record to show an allocution is not complained of by the defendant.

This record, however, presents more cogent reasons, than may be afforded by a presumption, why this case in the absence of other errors should not have been affirmed instead of being remanded that the statutory inquiry as to the defendant's knowledge of the verdict might be propounded to him.

Supplemental to the requirement of the informatory or allocution statute (Sec. 4057) there is another (Sec. 4058, R. S. 1919) which provides: "If the defendant has been heard on a motion for a new trial, or in arrest of judgment, and in all cases of misdemeanor, the requirements of the next preceding section shall be deemed directory, and the omission to comply with it shall not invalidate the judgment or sentence of the court." The record demonstrates that a motion for a new trial was heard and overruled by the trial court. This being true the preceding section as to the allocution becomes directory and should have been so held.

Before discussing the record it is pertinent as explanatory of the reason for the enactment of Section 4057

and its application under the conditions defined in Section 4058, to state the origin of the custom of allocution. It originated when persons accused of crime were not allowed counsel and it was the duty of the court to see that no right to which the accused was entitled under the law had been denied him. Since counsel has been allowed and other reforms in procedure in the protection of the rights of the accused during the progress of the trial have been inaugurated, there still remains in the statutes of this and other states a provision requiring an allocution before judgment. Legislatures evidently recognizing the archaic nature of these statutes have provided as in Section 4058 that the filing of the motion for a new trial shall be held to be notice to the accused of the verdict or, in other words, directory in its application.

It is held, however, in the majority opinion that a failure to file a motion for a new trial before judgment, as required by Section 4079, Revised Statutes 1919, will exclude the motion from consideration as determinative of the directory character of the allocution statute within the meaning of Section 4058, supra. This holding relies for its support upon what may be demonstrated to be the faulty reasoning of this court in State v. Kile, 231 Mo. 59, which cites as precedents for the conclusion there reached the cases of State v. Fraser, 220 Mo. 34, and State v. Pritchett, 219 Mo. 697. An examination of these cases shows that the rulings therein had reference solely to the manner in which the filing of the motion for a new trial should be considered upon appeal and that alone. The holding being that if the motions were not filed within four days after the verdict and before judgment only the records proper would be considered upon appeal. Concerning the correctness of this ruling as applied to a limitation upon the appellate court there can be no question. [State v. Whalen, 248 S. W. (Mo.) and cases, p. 931.] That, however, was not the question seeking solution in the Kile Case and in that at bar which was the effect of the untimely filing of a motion for a

new trial upon the statute requiring the allocution of the accused. A motion for a new trial has several purposes; its province in an appellate court is to point out the errors committed during the trial and to preserve the exceptions saved therein for review; in a trial court it calls attention to the errors alleged to have been committed in order that they may be corrected by the trial judge so long as the case is *in gremio legis,* or more broadly speaking at any time during the term the judgment was rendered. Therefore, whenever the motion is filed in the trial court within, of course, the limit stated, it must as a necessary consequence of its nature and purpose, carry on its face proof of the knowledge of the accused of the verdict without which he could not have filed the motion. Possessed of this knowledge he has in this regard been deprived of no right and the allocution statute should, as to him, be held to be directory. The statutes here under review, if construed otherwise, will not only occasion unnecessary delay in the determination of the case—a matter entitled to more serious consideration than is sometimes given to it in appellate courts—but it will necessitate the useless procedure of remanding the case to ascertain if the accused has been informed as to the verdict when the record staring us in the face shows that in the filing of the motion for a new trial he was necessarily possessed of this knowledge and has in this regard been deprived of no right to his detriment. NAPTON and HENRY, JJ., so held in effect in the Stark and Ball cases, supra, which rulings were adopted by the court and we would not err if we followed more closely the ancient landmarks. When the principles of the law are fixed, errors of construction are of infrequent occurrence; when in a state of flux they breed divergent conclusions often at the expense of justice.

This case instead of being remanded should, upon a showing that the record proper contained no errors, have been affirmed.