THE STATE v. ROY BROADDUS, Appellant.

Division Two, December 20, 1926.

**1. INSTRUCTION: All Law of Case: Former Conviction.** The statute (Sec. 4025, R. S. 1919) requiring the court to instruct the jury in writing upon all questions of law arising in the case necessary for their information

in giving their verdict is mandatory only as to those questions of law arising under the facts necessary to sustain a conviction; and where the instructions given cover every phase of the case under the evidence, the failure of the court to instruct the jury that the evidence of a former conviction of defendant can only be considered as affecting his credibility as a witness, and not as affecting his guilt or innocence, or the penalty that may be imposed, is not error, where defendant requests no such instruction. Such an instruction relates to a collateral matter, and unless requested by defendant the trial court does not commit error in failing to give it.

2. **INDICTMENT: Former Conviction: Surplusage: Due Process.** An allegation in an indictment that the defendant had theretofore been convicted of a misdemeanor, if not one of such a nature as to vitiate the charge, may be regarded as surplusage; and though it may be inartificially drawn, it does not deprive him of due process of law, or affect his right to a trial according to the forms of law for the offense properly charged.

3. **INSTRUCTION: Intoxicating Liquor: Entrapped into Sale: Guilt.** The defendant, charged with selling intoxicating liquor, is not entitled to an instruction telling the jury that if it has been shown that a witness for the State induced and persuaded defendant to sell whiskey for the purpose of making a case against him, and that he would not otherwise have made or consented to said sale, he should be acquitted. Intent is not, as a rule, a necessary element of the offense of selling intoxicating liquor, and such an instruction should not be given on behalf of the State in a case involving said offense; but if improperly given and it covers the whole matter, defendant cannot complain that his requested instruction to the same effect was refused.

Corpus Juris-Cyc. References: Constitutional Law, 12 C. J., Section 956, p. 1188, n. 57. Criminal Law, 16 C. J., Section 57, p. 89, n. 47, 51; Section 1229, p. 620, n. 63, 65; Section 2467, p. 1032, n. 1; Section 2468, p. 1032, n. 5; Section 2498, p. 1056, n. 20; p. 1057, n. 21; Section 2500, p. 1059, n. 38; Section 2506, p. 1063, n. 85; 17 C. J., Section 3729, p. 359, n. 64. **Indictments and Informations**, 31 C. J., Section 282, p. 735, n. 68, 70; Section 306, p. 749, n. 45. **Intoxicating Liquors**, 33 C. J., Section 192, p. 576, n. 56; Section 547, p. 790, n. 35.

Appeal from Howard Circuit Court.—*Hon. Allen W. Walker*, Judge.

AFFIRMED.

*Lionel Davis* for appellant.

(1) The bottle, plaintiff's Exhibit 1, was never properly identified and was never connected with defendant and should not have been admitted in evidence. (2) The court erred in failing to instruct the jury that the evidence of former conviction of defendant could only be considered as affecting his credibility as a witness and not as affecting his guilt or innocence, or the penalty, if any, to be imposed. Sec. 4025, R. S. 1919; State v. Wellman, 253 Mo. 302. (3) The court erred in overruling the motion to quash the indictment, because said indictment deprives defendant of his right to trial by due process of law, and his right to know the nature of the charge against him. State v. Wellman, 253 Mo. 302; State v. Teeter, 239 Mo. 475; Fenton on Con. Law (1914 Ed.) 261.

*North T. Gentry,* Attorney-General, and *James A. Potter,* Assistant Attorney-General, for respondent.

(1) The court did not err in failing to instruct the jury to the effect that the evidence tending to show the former conviction of the defendant could only be considered as affecting his credibility as a witness. It is true that the defendant was entitled to this instruction provided he requested it, but he neither requested such an instruction nor did he request the court to instruct the jury generally upon all the law in the case; nor did he save any exception to the failure of the court to give the instruction. The evidence of former conviction was admissible to affect the credibility of the defendant. If the defendant desired to limit the effect of such testimony, it was his duty to request an instruction to that effect. In other words, this was a collateral matter, and the court is not required to give an instruction on a collateral issue unless requested so to do. State v. McNamara, 100 Mo. 107; State v. Lackey, 230 Mo. 718; State v. Nicholas, 222 Mo. 425; State v. Weatherman, 202 Mo. 6; State v. Garrett, 285 Mo. 285; State v. Barnett, 203 Mo. 658; State v. Bond, 191 Mo. 555; State v. McCarver, 194 Mo. 717; State v. West, 202 Mo. 128; State v. Albright, 144 Mo. 642; State v. Cantlin, 118 Mo. 111; State v. Vinso, 171 Mo. 591. (2) The indictment was in the language of the statute and is sufficient. State v. Heilman, 246 S. W. 622; State v. Brock, 280 S. W. 48; State v. Vance, 267 S. W. 1118; State v. Brown, 262 S. W. 710; State v. Creon Moore, 279 S. W. 133, 134; State v. Morris, 279 S. W. 141. (3) Section 21 of the Intoxicating Liquor Law of 1923 is constitutional. State v. Combs, 273 S. W. 1037; State v. Forshee, 274 S. W. 419; State v. Gatlin, 267 S. W. 797.

WALKER, P. J.—The defendant was charged by indictment in the Circuit Court of Howard County with having feloniously sold hootch, moonshine or corn whiskey. Upon a trial he was convicted and his punishment assessed at a fine of five hundred dollars and twelve months' imprisonment in the county jail. This sentence was, before the entry of judgment, modified by the court, and judgment entered for five hundred dollars' fine and six months in the county jail. From this judgment he appeals.

In August, 1924, two persons, named Guthrie and Turner, who had been employed by the Sheriff of Howard County to ferret out violators of the prohibition law and to secure evidence against them, induced a negro, named Ben Pankard, to bring the defendant to them for the purpose of buying whiskey from him; Pankard brought the defendant to a car where they were awaiting him and he sold Turner a pint of moonshine whiskey for which the latter paid him three

315 Mo.—81.

dollars. This bottle of liquor was placed in the custody of the sheriff and was identified at the trial, not only as that sold by the defendant to Turner, but as to its chemical content, showing that it was whiskey and contained twenty-five per cent of alcohol. Defendant denied the sale of the liquor, and on cross-examination admitted that he had theretofore been convicted of possessing intoxicating liquors.

The assignments of error submitted by counsel for the defendant in his brief and argument are four in number and will be considered in the order in which they have clearly been presented by counsel.

I. It is contended the bottle of liquor in question was not properly identified and that the defendant's possession of **Identification.** same was not sufficiently shown.

The defendant, upon being brought into court, was identified by a witness, named Guthrie, as the person from whom the liquor was alleged to have been bought. There is nothing in the testimony adduced on the part of the defendant to lessen, much less refute, his identification as the negro who sold the whiskey or that its possession was continuous by the persons to whom it was delivered from the time of the sale until it was offered in evidence at the trial. The defendant's contention in this regard must therefore be overruled.

II. It is contended that the court erred in failing to instruct the jury that the evidence of a former conviction of defendant could only be considered as affecting his credibility as a witness and not as affecting his guilt or innocence, or the penalty that might be imposed. The defendant asked no instruction of this character.

The rule, under subdivision 4 of Section 4025, Revised Statutes 1919, requiring the court to instruct the jury in writing upon all questions of law arising in the case necessary for their information in giving their verdict, is mandatory only within the terms of the statute. The questions of law arising under the facts in this case, within the meaning of the section, are those necessary to sustain a conviction. A summary of the instructions given are as follows: Instruction 1 was general in its terms and directly and conversely declared the law as to the facts necessary to sustain a conviction; Number 2 defined the word "feloniously;" Number 3 defined the charge as formal and constituting no evidence of the defendant's guilt; that a presumption of innocence attended the defendant and that his guilt must be proved beyond a reasonable doubt, and unless so established he should be found not guilty; following this is the usual instruction as to a reasonable doubt; Number 4 defines in unusually liberal terms that if they believed it had been shown that the witness Guthrie had induced and persuaded defendant to sell moonshine whiskey for the purpose of making a case against him and that he would not other-

wise have made or consented to said sale he should be found not guilty; Number 5 fully instructed the jury as to the manner in which proof of good character was to be considered; Number 6 is the often-approved instruction concerning the province of the jury as to the credibility of the witnesses and the weight of their testimony; Number 7 was as to the forms of the verdict, whether guilty or not guilty.

The instructions asked by the defendant and refused were, first, a demurrer to the evidence and, second, an instruction which was fully covered by Number 4, given at the request of the State.

The instructions given covered every phase of the case under the evidence and were therefore sufficient to sustain a verdict. (An exception may be noted as to the giving of Instruction 4, which we will later consider). The court's failure therefore to give the instruction complained of concerning the limitations to be placed by the jury upon the evidence of the former conviction of the defendant was not an essential to a valid conviction. To have entitled the defendant to properly assign error on this account he should have requested that the instruction be given. An instruction of this character is in regard to a collateral matter which requires affirmative action on the part of the defendant by his demanding the giving of the same to entitle his contention to consideration.

In an exhaustive opinion by FERRISS, J. (State v. Starr, 244 Mo. l. c. 178), the question as to what constitutes a collateral issue was given discriminating attention and many cases were cited and discussed to sustain the conclusion that under the statute referred to, other instructions than those essential to sustain the verdict were not required unless requested. Summaries of the rulings in a number of these cases are not inappropriate in support of the conclusion reached in the case at bar. In State v. Kilgore, 70 Mo. 559, the question of the duty of the court to instruct arose, not upon a direct issue, but upon a collateral question, namely the limitation to be placed upon certain evidence offered for the purpose of impeachment only. It was urged upon appeal that the trial court erred in not giving an instruction on this point, although not requested so to do. This court held that if a proper instruction had been asked it should have been given; or if one objectionable in phraseology had been asked and refused the court should have given a proper one. The general reason urged in support of this ruling was "as to collateral matters it is for the respective parties to ask such instructions as they may be entitled to." Like rulings upon instructions limiting the manner in which evidence should be considered were made in State v. Branstetter, 65 Mo. 149; State v. Swain, 68 Mo. 616, and State v. Brooks, 92 Mo. l. c. 587. In State v. Taylor, 118 Mo. l. c. 172, referring to the Brooks case, this court said: "The majority of the court held that, as to collateral matters, defendant must ask the instruction if

he desired it." In State v. Harris, 232 Mo. 1. c. 321, we said: "Numerous decisions of this court hold that, in the absence of a request by the defendant, it is not reversible error to fail to instruct on collateral questions." In State v. McBroom, 238 Mo. 1. c. 499, we said: "In a criminal case every issuable fact necessary to establish the State's case must be submitted to the jury;" and in State v. Conway, 241 Mo. 1. c. 291, we held that the language of the statute (Sec. 4025, supra) "fairly construed, does not mean that the court shall instruct upon any and every question, but only such as are necessary and essential to intelligent action by the jury in the trial of the case before them."

A consideration of these cases and many others cited by the learned judge who wrote the opinion in State v. Starr, supra, shows that from 1842 this court has preserved a clear distinction between essential questions arising upon the issues and those merely collateral. In the earlier cases in which no mention is made of collateral questions and which hold that the court must instruct upon the law of the case it will be found that the law instructed upon related to essential questions. Citations to two early cases confirm this conclusion. In Couley v. State, 12 Mo. 462, the trial court refused to instruct upon the collateral question of an extra-judicial confession, and its action in this regard was approved upon appeal. In State v. Clump, 16 Mo. 385, the trial court refused to instruct that verbal confessions should be received with caution, and this court held that the ruling was not reversible error. In State v. Starr, supra, the genesis and evolution of the statute (now Sec. 4025, supra) is shown under which the decisions cited were rendered, followed by the conclusion that as to collateral questions the parties must formulate and ask such instructions as they may be entitled to, embodying the principles for which they contend. If improperly framed the court should reframe them. Otherwise error will not be committed in failing to give such instructions. This contention is therefore overruled.

III. While the indictment was inartificially drawn in that it contained an allegation that the defendant had theretofore been convicted of a misdemeanor. this allegation is not of such a nature as to vitiate the charge and it may well be disregarded as surplusage. That it did not aggravate the offense in the minds of the jury is evi-

**Indictment.**    dent from their verdict. It is difficult to determine what is meant in this connection by the contention of defendant that the indictment as thus drawn deprived him of a right to a trial by due process of law and his right to know the nature of the charge against him. The charge preferred is clear and conclusive and leaves no doubt in the mind of a man of average intelligence, lawyer or layman, as to its meaning. Under it the defendant was given a

fair trial according to the forms of the law. He therefore could not have been deprived of due process of law, which means nothing more than that every citizen shall hold his life, liberty and property under the protection of the general law which governs society; and in the concrete, that in a contest concerning these rights he will be given the opportunity to contest the propriety of each step in the action sought to be taken against him. [City of St. Louis v. Railroad, 278 Mo. l. c. 211; Dartmouth College Case, 4 Wheat. 518.] There is therefore no merit in this contention.

IV. The defendant's instruction in the nature of a demurrer to the evidence has been disposed of adversely to his contention in discussing the facts.

The defendant's instruction asked and refused telling the jury that if the defendant was induced or persuaded to violate the law he could not be held guilty; if this instruction had been proper, it was fully covered by Instruction 4, given at the request of the State. The instruction, as asked and refused, was, however, not proper and the court did not err in refusing to give it, but did err in giving one of like tenor at the request of the State. Whatever may be the general rule in regard to the effect upon the right to convict a defendant who has been entrapped into the commission of a crime (18 A. L. R. 146-149), it is usually held to have no application to cases involving the sale of intoxicating liquors or other violations of the prohibition laws. In this class of cases criminal intent is not, as a rule, a necessary element and need not be shown. [State v. Fenley, 275 S. W. (Mo.) 41-44; State v. Quinn, 170 Mo. l. c. 179; State v. Seidler, 267 S. W. (Mo. App.) 426 and cases; 18 A. L. R. 162-168.] The rule thus announced has been frequently applied in the Federal courts, [Goldstein v. United States, 256 Fed. 813, 168 C. C. A. 159; Ramsey v. United States (C. C. A.), 268 Fed. 825; Farley v. United States (C. C. A.), 269 Fed. 721.]

The giving of the instruction referred to (No. 4) was favorable to the defendant and while erroneous it constitutes no ground for a reversal of this case. The defendant has been given every right to which he was entitled in this prosecution. The judgment is affirmed. All concur.