STATE of Missouri, Respondent,

v.

Glen E. CROW, Appellant.

No. 49722.

Supreme Court of Missouri,

Division No. 2.

April 8, 1964.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Phillip C. Houx, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Glen E. Crow, appellant, in pro. per.

STOCKARD, Commissioner.

In this case, which comes to the writer upon reassignment, Glen Eugene Crow was found guilty by a jury of burglary, second degree, and of stealing, and after finding that he had previously been convicted and sentenced for the offense of stealing chickens in the nighttime and attempt to break jail as alleged in the amended information, punishment was fixed by the trial judge at imprisonment for ten years for the burglary and five years for stealing, the two sentences to run concurrently. Sentence and judgment followed and defendant has appealed to this court.

The jury could find from the evidence that defendant, with three others, broke into and entered a building known as the Carthage Foundry, which belonged to R. E. Jansen, and stole six dollars from an unlocked safe. One of the participants, Fred Shropshire, testified for the State and related in detail defendant's participation in the burglary and the theft. Defendant's evidence presented the defense of alibi, but he did not testify.

At the time of the arraignment and during the trial defendant was represented by employed counsel of his own selection. The verdict was returned on March 6, 1962, but the trial court deferred "setting the amount of punishment" until March 14. The transcript before us does not show that a motion for new trial was filed or that an extension of time to file a motion was requested or granted.

On March 17, 1962, defendant's counsel wrote to the clerk of the trial court as follows: "Please inform Judge Oldham that I have withdrawn as attorney for Glen Crow in the three criminal cases pending against him." There is nothing in the transcript to show that this information was furnished to defendant or that the withdrawal of counsel at this crucial stage of the after-trial proceedings was by leave of court. On April 24, 1962, defendant was brought before the court for allocution and sentencing. His trial counsel was not present, and he was not represented by other counsel. Although such after-trial pleading has been abolished, Supreme Court Rule 27.21, V.A.M.R., defendant presented to the court a document entitled "Motion in Arrest of Judgment" prepared pro se in which he requested an order "arresting the judgment of conviction and sentence in the above entitled cause." This motion was overruled. During the discussion which occurred at this time, the trial court commented that no motion for a new trial had been filed. Defendant then stated: "Your Honor, I mailed one to [from?] the county jail, I have a copy of it, March 22." The transcript then shows that he handed a paper to the court who remarked, "There was no such motion filed such as shown by the records of the court, and I received no copy of the motion." Defendant replied, "All I can do is to put it in the mail. That is all I am required to do. I can't deliver it." The contents of the paper which was handed to the court are not shown in the transcript.

The trial court then asked defendant if he had "anything else to say before sentence is pronounced upon you," and the following occurred.

"Mr. Crow: Yes. I think I am entitled to counsel here.

"The Court: Mr. Crow you fired your counsel, isn't that correct?

"Mr. Crow: No, not in this case, on the other two remaining cases I asked him to withdraw, but he has never notified me that he officially withdraws from any case.

"Mr. Pyle: [the prosecuting attorney] The attorney representing Mr. Crow indicated to the court and indicated to me on whatever date the record shows, that he was no longer employed, but had been requested to not represent Mr. Crow in any further proceedings.

"The Court: That is the situation, and the court was notified in writing of that.

"Mr. Crow: Somebody should notify me.

"The Court: And the notice which the court received showed the posting of the notice to you, and it wasn't his withdrawal. It was your discharge of him.

"Mr. Crow: Not in this case. I specifically made it clear that I wanted him to remain in this case. I believe I wrote the court two different letters concerning that same thing and made it clear in both of them that I didn't intend to have him withdraw from this.

"Mr. Pyle: Then why was it you found it necessary to file a motion for new trial? Why didn't your attorney do it? You have been filing all sorts of motions ever since this trial.

"Mr. Crow: I don't know what he is going to do, and I take it upon myself in the event he doesn't, and he has not done anything in it yet. He refuses to answer letters and tell me what is going on or what has happened in the other two charges. I still don't know what has happened to them.

"Mr. Pyle: He wasn't the court appointed attorney. He was the attorney of the defendant's choice.

"Mr. Crow: I am entitled to full representation.

"Mr. Pyle: He is a competent, qualified lawyer and should be before the court and represent you.

"Mr. Crow: I have never been advised by anybody what happened to the other two cases, * * *."

"The Court: I will deal with that in just a second. In the matter of your being represented I have at least one letter, and I think two, from you, definitely stating that Mr. Graves is discharged as your attorney, and that he no longer represents you in this or any other case, and that you requested the court to permit you to represent yourself. Those letters are in my file at Joplin. * * *."

The trial court then explained to defendant the status of two other cases involving charges against defendant and entered judgment and sentence in this case.

The transcript does not contain a motion for new trial, and for that reason our review is limited to those matters upon the record before us. Supreme Court Rule 28.02, V.A.M.R.; State v. Bearden, Mo., 245 S.W.2d 838. In his brief defendant purports to raise several constitutional questions, some of which were not at any time presented to the trial court, and none of which were presented in a motion for new trial as far as shown by the record, and for that reason, if not because of the limited scope of our review, they are not preserved for appellate review. State v. Barnes, Mo., 345 S.W.2d 130; State v. Griffin, Mo., 339 S.W.2d 803, certiorari denied, 366 U.S. 938, 81 S.Ct. 1666, 6 L.Ed.2d 849; State v. Malone, Mo., 301 S.W.2d 750. However, in his brief defendant does challenge the sufficiency of the amended information. We shall examine his contentions and also the entire amended information, see Supreme Court Rule 28.02, V.A.M.R., to determine its sufficiency, including allegations pertaining

to prior convictions. State v. Kiddoo, Mo., 354 S.W.2d 883.

■■ The amended information, insofar as it charges defendant with burglary, second degree, and with stealing is in the form which has repeatedly been approved, and is sufficient. See State v. Edmonds, Mo., 347 S.W.2d 158; State v. Zammar, Mo., 305 S.W.2d 441. Defendant makes no challenge of this portion of the amended information. He does contend that the allegation therein that he had previously been convicted of the misdemeanor of attempt to break jail results in the amended information being fatally defective insofar as it purports to invoke the procedure in his trial provided for by Section 556.280, (all statutory references are to RSMo 1959, V.A. M.S.), known as the Habitual Criminal Act.

That portion of Section 556.280 which is material is as follows:

"If any person convicted of any offense punishable by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor, and is charged with having thereafter committed a felony, he shall be tried and if convicted punished as follows: *  *."

We note that while an attempt to break jail is a misdemeanor, see Section 557.410, the offense of breaking jail, either before or after conviction, see Sections 557.380 and 557.390, is punishable by confinement in the penitentiary. Therefore, it would appear that it was alleged that the defendant was convicted of "an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary." However, we see no occasion to rule on what is an academic question under the facts of this case. In the amended information it was alleged that defendant had previously been convicted and sentenced for the offense of stealing chickens in the nighttime, which is a felony

and which is punishable by confinement in the penitentiary. See Section 560.161. This allegation was proved by competent and substantial evidence, and the trial court, after a hearing on this issue outside the presence of the jury found the facts as alleged. Therefore, the procedure of trial and the determination of the punishment as set forth in Section 556.280 was properly invoked in the trial of this case regardless of whether or not the allegation of the other offense was proper. In any and every event its allegation, the proof thereof, and the finding in respect thereto was surplusage. State v. Broaddus, 315 Mo. 1279, 289 S.W. 792; State v. Dickhout, 324 Mo. 1194, 26 S.W.2d 937; Gemignani v. United States, 6 Cir., 9 F.2d 384; 42 C.J.S. Indictments and Informations, § 145(c). Proof of these prior convictions is not made before the jury and therefore the reasoning of State v. St. Clair, Mo., 261 S.W.2d 75, pertaining to the prejudicial effect before a jury of the proof of an unauthorized previous conviction would not apply. But, in any event, on this appeal we are limited to determining the sufficiency of the information, and we rule that the amended information in this case was sufficient.

Defendant also challenges the sufficiency of his allocution, a matter we examine pursuant to Supreme Court Rule 28.02, and we are convinced that there are two reasons why the judgment in this case must be reversed and the cause remanded for allocution.

■ At the time of allocution defendant advised the court that on March 22, 1962, he had mailed a motion for new trial from the jail where he was confined. From the record it appears that he then handed the trial judge a copy of that motion. Who commented that no such motion had been filed as shown by the records of the court and that he personally had received no copy of the motion. Nothing was said about the fact that the alleged mailing occurred sixteen days after verdict, and that the motion was untimely if no extension pur-

suant to Supreme Court Rule 27.20 had been granted. The matter was disposed of solely on the basis that no copy reached the clerk or the judge regardless of the reason. Yet on March 22 defendant was in jail, and according to the trial judge, he had no counsel and was acting as his own attorney, although that is a factual issue we cannot determine from the record. When the defendant was in the jail he was in the custody of the sheriff, and he had to rely on the sheriff or the other officials to cooperate, or at least not to interfere, in his attempt to transmit the motion for new trial to the office of the circuit clerk. At the time of allocution when this matter was presented, the trial court should have determined the factual issue, and made a record of its findings, of whether such motion, if mailed at the time defendant asserted it was, would have been timely, and if so, whether its failure to reach the clerk was the result of any unlawful interference on the part of public officials. See State v. Taylor, 301 Mo. 432, 256 S.W. 1059; State v. West, Mo., 270 S.W. 279. An alternative action would have been to incorporate into the record the copy of the motion for new trial, if in fact one was presented by the defendant to the court at that time, and if, as a matter of law, each assignment of error therein was without merit, defendant could not have been prejudiced by the fact the motion was not filed, regardless of the reason. However, as the record before us stands, it shows that at the time of allocution defendant presented a factual situation which, if found by the trial court to have been as he asserted, could have resulted in sufficient legal cause why judgment and sentence should not have then been pronounced.

■ The record also shows that at the time of allocution defendant stated that he wanted counsel present, and he denied that he had discharged his counsel in this case. Whether or not the trial court correctly came to the conclusion that defendant had discharged his counsel cannot be determined from the record, and we cannot look to the contents of letters not in the record. The withdrawal of counsel under the circumstances here was, as far as shown by the record, without notice to defendant and at a crucial time in the after-trial proceedings. See generally, 23 C.J.S. Criminal Law, § 979 (7). In view of the provisions of Supreme Court Rule 4.44, V.A.M.R., when a withdrawal of counsel occurs under circumstances similar to those here, both counsel and the court should be careful to see to it that a proper and complete record is made. Absent some showing that the situation was brought about by misconduct of defendant, or at his express request, or some similar satisfactory reason, defendant was entitled upon request to be represented by counsel at allocution and sentencing. See the discussion of this in Martin v. United States, 182 F.2d 225, 20 A.L.R.2d 1236, certiorari denied 340 U.S. 892, 71 S.Ct. 200, 95 L.Ed. 647, and in 24 C.J.S. Criminal Law § 1574 at pp. 512-515. We must necessarily conclude that from the record before us that defendant was entitled to counsel of his own selection or by court appointment at the time of allocution and sentencing.

We do not purport to express any opinion concerning the truthfulness of the contentions made by defendant at the time of allocution. That is an issue of fact to be determined by the trial court. However, by reason of recent developments in the field of habeas corpus and post conviction review, it is becoming increasingly essential that at the time of allocution a complete record be made of the rulings, and the factual basis therefor, on contentions of the defendant which, if made subsequently in an application for habeas corpus or for relief pursuant to Supreme Court Rule 27.26, would require a hearing. A thorough discussion of recent decisions of the federal courts, with suggested procedures, which by analogy are helpful in state criminal proceedings, are to be found in the Report of Judicial Conference Committee on Habeas Corpus and in a collection of articles printed in 33 Federal Rules Decisions 363-505, entitled "Applications for Writs of Habeas' Corpus and Post Conviction Review of Sentences in the United States Courts."

The judgment is reversed, and the cause is remanded to the trial court with directions that the defendant be brought before the court for allocution, and such subsequent action by the court as may be determined to be proper in view of such facts and circumstances as may then and there be developed.

BARRETT, C., and PRITCHARD, C., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the judges concur.