## THE STATE v. HALLEY RICHARDSON and SANFORD TAYLOR Appellants.

### In Banc, February 9, 1922.

1. **WRIT OF ERROR CORAM NOBIS: Error of Fact.** A motion in the nature of a writ of error *coram nobis* to set aside a judgment must be based upon an error of fact unknown to the court at the time the judgment was entered, which if known would have precluded the court from entering it, and which, through no fault or neglect of the defendant, was not made known to the court.

2. ———: ———: **Presumption of Right Action: Plea of Guilty: Fear of Lynching.** If the fact upon which a motion in the nature of a writ of error *coram nobis* to set aside a judgment was known to the court at the time the judgment was entered, the presumption of right action on the part of the court, and that the court found that the fact stated in the motion did not exist, must be indulged. So that where several persons had been arrested charged with highway robbery and had been taken from jail by a mob and one of their number killed, and after the mob had dispersed and the excitement had cooled, the threats had ceased and the danger was no longer imminent, two of them entered pleas of guilty, and the court, before receiving their pleas, talked to them out of the hearing of all other persons, and they stated to him they were guilty of the charge of robbery and thereupon their pleas were received, a motion by said two defendants to set aside the judgment on the

ground that their pleas of guilty were made in fear that they would be lynched if not made, is not available, for, even if said motion were the proper procedure, the fact upon which it was based being known to the court before the judgment was entered, the presumption is that the court found that said fact did not exist.

*Held*, by GRAVES, J., concurring in the result, with whom HIGBEE and ELDER, JJ., concur, that a motion in the nature of a writ of error *coram nobis* to set aside a judgment cannot be based on coercion or fear, but defendants' remedy in such case is by suit in equity to annul the judgment.

Appeal from Randolph Circuit Court.—*Hon. A. W. Walker*, Judge.

AFFIRMED.

*George L. Vaughn* for appellants.

·(1)   The motion in the nature of a writ of error *coram nobis* is the proper remedy to set aside a conviction obtained by duress or fraud, or to obtain relief from an improvident plea of guilty, unjustly procured from the accused, or to set aside a conviction on such plea, forced by fear of mob violence, and such a motion lies in Missouri.   16 C. J. 1326, 1327; State v. Calhoun, 50 Kan. 523, 18 L. R. A. 838; Sanders v. State, 85 Ind. 318, 44 Am. Rep. 29; State v. Perez, 98 Pac. 870; Alexander v. State, 20 Wyo. 245; State v. Riley, 118 S. W. 651, 652. (2)  A confession of guilt obtained by force, duress, fear or intimidation is void, and cannot be the basis for a valid judgment.   People v. Perez, 98 Pac. 870; Alexander v. State, 20 Wyo. 243; State v. Calhoun, 50 Kan. 537; Sanders v. State, 85 Ind. 318.   (3)   The court erred in overruling the appellants' motion in the nature of a writ of error *coram nobis* and in denying the relief sought; (a) Because the uncontroverted evidence submitted by appellants in support of their motion conclusively showed the fact that the pleas of guilty were induced by fear of violence.   Sanders v. State, 85 Ind. 333.   (b) Because the accused were entitled to a fair trial in absolute free-

dom from restraint and entire freedom from fear of threats and violence. Sanders v. State, 85 Ind. 321; Alexander v. State, 20 Wyo. 243. (c) Because the evidence submitted by appellants entitled them to relief prayed, and the denial of that relief is contrary to their rights under the Constitution. Art. 5 U. S. Constitution; Sec. 1, Art. 14, Amendments to U. S. Constitution. (d) Because the conviction of appellants was based solely upon pleas of guilty induced by fears of violence which amount to fraud, and cannot support the conviction. Sanders v. State, 85 Ind. 321. (e) Because the facts and circumstances established by appellants and contained in the court's findings of fact, support the allegation of their motion and conclusively show that there was real danger of mob violence at the time appellants entered their pleas of guilty, and that their fears were well founded, that the officers of the law believed there was danger of mob violence. (4) The court erred in its findings of fact: (a) Because there is no evidence on which to base the same; and (b) because the court could not judicially know the alleged facts set forth in said findings, Note 50, 23 C. J. 61, 62; Sanders v. State, 85 Ind. 333.

*Jesse W. Barrett,* Attorney-General, *Albert Miller,* Assistant Attorney-General, and *R. W. Otto,* of counsel for respondent.

(1) The motion does not contain grounds for the writ prima-facie sufficient for the granting of the relief sought. Ferris v. Douglass, 20 Wend. (N. Y.) 626; Hicks v. Haywood, 4 Heisk. (Tenn.) 598. The rule is that the extraordinary relief afforded by the proceeding in the nature of a writ of error *coram nobis* will not be granted in a criminal case after trial and conviction, except where it clearly appears that the petitioner had a valid defense in the facts of the case, but which, without negligence on his part, was not made because of duress, fraud or excusable mistake; or that he was prevented from asserting and enjoying some legal right through duress or fraud or

excusable mistake, these facts not appearing on the face of the record and being such as, if known, in season, would have prevented the rendition and entry of the judgment in question. Wheeler v. State, 158 Ind. 696; Graves v. Graves, 255 Mo. 477; State v. Stanley, 225 Mo. 532. (2) The motion fails to show with reasonable certainty that the defendants were prevented from making a defense by reason of duress and fails to show any other reason for the writ. It is not enough that the defendants aver that they were induced by fear to enter the plea of guilty, but facts must be stated which show a reasonable basis for a well-grounded fear as claimed. Sanders v. State, 85 Ind. 318; Hicks v. Haywood, 4 Heisk. (Tenn.) 498; Gallena v. Sudheimer, 9 Heisk. (Tenn.) 189; Alexander v. State, 20 Wyo. 253; Ferris v. Douglass, 20 Wend. (N. Y.) 626. (3) The motion fails to point out any error of fact which would entitle the defendants to the relief sought. Hicks v. Haywood, 4 Heisk. (Tenn.) 598. (4) Under the court's findings of fact the assignment of error was a fact known to the court, at the time the plea of guilty was entered and before the punishment was fixed and judgment rendered, which said fact was adjudicated in the former suit and, therefore, cannot avail defendants in this proceeding. Asbel v. State, 62 Kan. 215; Marbel v. Vanhorn, 53 Mo. App. 361; Howard v. State, 58 Ark. 229; Crawford v. Williams, 1 Swan. (Tenn.) 481; Holford v. Alexander, 12 Ala. 280; Hicks v. Haywood, 4 Heisk. (Tenn.) 598; State v. Disney, 5 Sneed (Tenn.) 598; Carney v McDonald, 10 Heisk. (Tenn.) 234; Richardson v. Jones, 12 Gratt. (Va.) 53; State v. Heinrichs, 14 Mo. App. 146. (5) The lower court having "denied and refused said motion in the nature of a writ of error *coram nobis*," defendants' remedy was by writ of *certiorari* and not by appeal. Hodges v. State, 163 S. W. (Ark.) 506. (6) The defendants having entered a plea of guilty and having, in open court, confessed their participation in the crime of robbery with which they were charged, and their punishment having been fixed, upon the strength of said confession, are now estopped

from asserting a state of facts at variance with the facts stated in said confession. Carroll v. State, 50 Tex. Crim. 485; 123 Am. St. 851, 14 Ann. Cas. 426; State v. District Court, 31 Mont. 428; Ex parte Winters, 10 Okla. Crim. 592; State v. O'Bryan, 94 Tenn. 79.

WALKER, J.—This is an appeal from an order overruling a motion made after final judgment (Sec. 1469, R. S. 1919). The motion was in the nature of an application for a writ of error *coram nobis* to set aside a judgment of conviction theretofore rendered by the Circuit Court of Randolph County upon pleas of guilty entered by appellants to a charge of highway robbery. After hearing the testimony, the court overruled the motion. From this adverse ruling, the appellants, Richardson and Taylor, have perfected an appeal to this court.

The facts are set forth in the discussion of the case.

The relevant allegations of the motion upon which appellants rely to authorize the issuance of the writ are: That the pleas of guilty were extorted from them by duress and threats and appearances of impending and imminent mob violence, which operated upon their fears, and were made by them upon the honest belief that they were in immediate danger of death at the hands of a mob, and upon the belief that the only way that they could escape death by mob violence was by pleading guilty and being sentenced and taken immediately to the penitentiary at Jefferson City, Missouri; and that the pleas of guilty were made upon such belief and for the sole purpose of escaping mob violence and saving their lives. That, by reason of said pleas of guilty so made and obtained by and from these defendants, under duress, threats, fears and circumstances as aforesaid, and operting upon the fears and will of these defendants, as aforesaid, they were deprived of their constitutional right to plead their innocence of the charges alleged against them in said information, to defend against the same in person and by counsel, to meet the accusers and witnesses against them face to face, and to have a public trial by an impartial jury.

That while these defendants were in jail at Keytes-ville, Missouri, the sheriff represented to them that they were in immediate danger of mob violence, and the only way to escape the same was to plead guilty and be immediately taken to the penitentiary; that, believing and acting solely upon said representations, these defendants did then and there consent to plead guilty to said charge of robbery. That shortly thereafter, they were secretly brought from Keytesville to Moberly under heavy armed guard, and entered their pleas of guilty to said charge of robbery, as aforesaid.

The issue to be determined is acutely restricted to one question, viz.: as to whether the facts authorized the granting of an order in the nature of a writ of *coram nobis.*

I. The right to this writ under a proper state of facts, despite the incorrectness of the term by which it is designated when measured by the meaning of the common law, is well established in this jurisdiction by many precedents. [Norton v. Reed, 281 Mo. l. c. 491, 221 S. W. l. c. 8; Jeude v. Sims, 258 Mo. l. c. 40, 166 S. W. 1048; Graves v. Graves, 255 Mo. l. c. 477, 164 S. W. 496; Karicofe v. Schwaner, 196 S. W. (Mo. App.) 46; Fox-Miller Gr. Co. v. Stephans, 217 S. W. (Mo. App.) 994; Reed v. Bright, 232 Mo. l. c. 409, 134 S. W. 653; State v. Stanley, 225 Mo. l. c. 531, 125 S. W. 475; State ex rel. Potter v. Riley, 219 Mo. 667, 118 S. W. 647.]

*Error Coram Nobis.*

II. The testimony disclosed that the appellants, upon being arrested on November 14, 1919, after the commission of the crime and their identification by the prosecuting witness and the preferring of formal charges against them, were committed to the Randolph County jail. A crowd gathered that night in the town of Huntsville, where the jail is located, and indulged in much boisterous talk but dis-

*Nobis: Plea of Guilty: Imminent Danger of Lynching. Error Coram*

persed without any other demonstration. The day following, the prosecuting attorney directed the sheriff to remove the appellants and place them in the Macon County jail, which he did. On the night of November 16, 1919, a mob took appellants and two other negroes, charged with participating in the crime, from the jail, returned with them to Moberly, and upon reaching the environs of the latter place, a rope was placed around the neck of Anderson, one of the number, and an attempt was made to draw him off the ground as if to hang him. Either the rope broke or something else happened to prevent the consummation of their purpose, and Anderson fell to the ground. He and the others, who in the meantime had been freed from their bonds, fled through the crowd and Anderson was shot and killed. The next day the others were apprehended and committed for safekeeping to the Chariton County jail at Keytesville. From the date of their incarceration in that jail until their return to Randolph County, four days later, there was no manifestation of the presence of a mob spirit or other than a purpose to let the law take its course. The only vestige indicative of a continuation of a spirit of lawlessness is found in intimations of the local press. In the absence from the record of any fact upon which a reasonable inference can be based to support these intimations, we must conclude that the temper of the people was misjudged by the press in that no unlawful interference with the administration of justice was thereafter either contemplated or attempted. Nothing, in fact, occurred, as a result of these inflamatory intimations, to in any way interfere with a formal trial of the appellants or any action they might have found necessary either to secure a continuance of their cases or a change of venue to another jurisdiction.

It is present impending facts which will authorize, in a case as at bar, the issuance of the writ here applied for.

That the mob spirit ran riot when the appellants were brought back to Moberly from Macon, there can be no

question; but this spirit, volatile in its nature and having no coherence in reason, is usually dissipated as suddenly and completely as it has been created. Whether, therefore, the killing of Anderson filled to satiety those participating in that orgy, or calm reason came to their rescue, it is not necessary for us to determine; it being sufficient for us to find that this record contains no testimony sustaining a conclusion that a present danger of personal violence to the appellants was impending when they entered the pleas of guilty.

The allegation that it was represented by the sheriffs of Randolph and Chariton counties to these appellants while in jail at Keytesville that they were in immediate danger of mob violence and that their only means of escape was by pleas of guilty, is not supported by the facts. The testimony of the Sheriff of Randolph County in regard to this matter, reduced to narrative form, is as follows: "I went over there and met Mr. Hurt" (the Chariton County Sheriff) "and went down to the jail and asked them if they were ready for trial and wanted a trial, and they said they didn't want any trial. They said they didn't want to come back to Moberly. They didn't give any reason why they didn't want to come back to Moberly. The mob had them a few nights before that time, and they expressed a fear of the mob. I directed the Sheriff of Chariton County to bring the defendants back when they wanted to enter a plea. Our court was then going on. Nothing was said about the matter or time of bringing them. I have heard Mr. Hurt's testimony, but I do not know that anything was said about bringing them back at the noon hour; he was requested to bring them back when the court could handle them. There was no apprehension on my part that there would be trouble, but you can't tell what may happen. The boys did tell me that they didn't want to come back to Moberly because of what they had suffered before; but they said they were guilty and wanted to plead guilty. After their pleas of guilty, I went directly to the train and brought them to Jefferson City. The reason I took

them away directly was that I didn't want any trouble with them. I didn't fear trouble, but I didn't want trouble."

The Sheriff of Chariton County, upon being interrogated as to what the Sheriff of Randolph County said to appellants, answered that "Mr. Owens" (the Randolph County Sheriff) "asked them what they wanted to do or were going to do—plead guilty or stand trial;" and they said, "We are going to plead guilty."

The witness was further interrogated by counsel for appellants as follows:

"Q. Was there anything said by them there or to them there about the danger of mob violence? A. If I remember right they said they didn't want any more to do with that mob than they had to; that they wanted to get their trial through and get out of here as soon as possible.

"Q. Did they express in your presence or to you anything with reference to their fear of the mob further than the statement they made to you that they didn't want to have anything more to do with it, and wanted to get away as quick as possible? A. No.

"Q. Did they make any statement as to whether or not they were frightened of it that night it took place. A. They were scared when they came up there.

"THE COURT: Did they say that the fear of the mob had anything to do with entering their pleas of guilty? A. No, sir."

There are no facts in evidence to sustain appellants' allegation that they were conveyed from the Chariton County jail to Moberly secretly and under strong guard.

There is in the testimony, it is true, a manifestation of fear on the part of appellants, based, however, upon their past experience and having no foundation in present facts. Fears will not suffice to authorize the issuance of the writ.

In Sanders v. State, 85 Ind. 318, 44 Am. Rep. 29, cited by appellants, it is held that one who enters a plea of guilty upon reasons based upon a well-grounded fear

and in imminent danger of mob violence may avoid the plea by a proceeding in the nature of a writ of *coram nobis*. It is apparent from the facts in that case that the plea was extorted from the accused by a well-grounded fear and the imminence of mob violence. In holding that the writ was properly issued, the Supreme Court of Indiana in the later case of Wheeler v. State, 158 Ind. l. c. 687, said, in effect, "that the danger (in the Sanders Case) was so apparent and pressing that the defendant dared not ask for any delay of the trial, and was compelled to withdraw his plea of 'not guilty' and enter a plea 'of guilty.'"

The record here, as we have shown, presents no similar state of facts. The unrestrained indignation, not unusually aroused in a community by the commission of crime, had subsided. Aside from whatever personal fear may have possessed the appellants due to their past experience, there was no sufficient ground based on either declarations or demonstrations against them on the part of the citizens from the time they were apprehended the second time until they were brought from the Chariton County jail to enter their pleas, to sustain their fears of violence. The dissimilarity, therefore, between the facts in the Sanders Case and these at bar being evident, the latter cannot be properly invoked as a precedent here.

Nor can the ruling in State v. Calhoun, 50 Kan. 523, 34 Am. St. 141, be held to sustain appellants' application. In that case, as at bar, a wide latitude was given the defendant in the introduction of testimony. It was shown that the public mind had become greatly excited and hostile to the accused; that threats of lynching had been freely made and preparations to carry same out were apparently going on. The temper of the mob was indicated by threats against the life of the accused, continuing up to the day the plea of guilty was entered by him. Upon this testimony the writ was awarded. A contrast of the facts in that case with those at bar is not necessary to demonstrate their difference. There was absent from the latter all of those cogent facts indicative of present con-

ditions which justified the issuance of the writ in the Calhoun Case.

The case of People v. Perez, 9 Cal. App. 265, is similar to that under review only in the fact that the plea of guilty there claimed to have been made under duress was to a charge of robbery. The District Court of Appeals of California, after reviewing the testimony, held that it afforded no support to the claim of coercion; that the affidavits of the sheriff and other witnesses were clear and complete to the effect that nothing whatever had been said to the appellant about mob violence, and the writ was refused.

In Alexander v. State, 20 Wyo. 241, 35 Ann. Cas. 1282, it was alleged that a plea of guilty to a charge of murder had been involuntarily made under fear of mob violence. Reviewing the testimony, the court held that there was no reasonable ground for the claim of duress or the apprehension of the accused of violence from a mob and that the judgment of the trial court refusing the writ should be affirmed. It is needless to say that this case affords no support to appellant's application.

III. The requisites to authorize the sustaining of a motion of this character are that it point out a mistake made by the court without the fault of the appellant, based upon a misapprehension of the real facts, which if known to the court at the time would have precluded it from rendering the judgment. We said as much in Norton v. Reed, and in Jeude v. Sims, supra, with the specific statement in the latter case that the fact brought to the court's attention by the motion must be directly connected with the case and of such a character that, if known by the court at the time, the judgment would not have been entered. To the same effect, but in somewhat more emphatic terms, is the rule announced in Graves v. Graves, 255 Mo. 477, as follows: "The purpose of a motion in the nature of a writ of error *coram nobis* is to call to the attention of the court some fatal fact, which at

*Fact Known At Time of Judgment.*

the time of the entry of the judgment was not known to the court. If the record shows that such fact was brought to the knowledge of the court before entry of judgment then a motion in the nature of a writ of error *coram nobis* will not lie. In such case there is nothing upon which to predicate such a motion. These motions only go to errors of judgment occasioned by the absence of some fact, and not to errors committed with the facts known. To illustrate, if a judgment is entered against one actually insane, and the fact of insanity was not known to the court at the entry of the judgment, then the motion as a general rule will lie, but if the record discloses, as it does here, that the fact of insanity was before the court entering the judgment, then the action of the court in entering the judgment may be an error of law, but not an error committed by reason of the absence of a determinative fact— a fact the knowledge of which would have prevented the entry of the judgment.''

In Reed v. Bright, supra, many cases are cited and discussed from this and other jurisdictions (q. v. 232 Mo. l. c. 411), and the general rule, as stated in 5 Encyc. Pl. & Pr. p. 29, is announced that the writ will not lie where the party complaining knew the fact complained of, at the time or before the trial, or by the exercise of reasonable diligence might have known it, or is guilty of personal negligence in the matter, or where proper advantage could have been taken of the alleged error at the time of its commission.

IV.   However, if it be conceded in the utmost liberality of construction that evidence was introduced tending to show the continued presence of that **Neglect to Present Known Fact.** turbulent spirit which appellants allege endangered their lives at the time they entered their pleas of guilty, will this suffice to authorize the granting of the writ? One of the prime requisites to sustain such action is that it was through no fault or neglect of appellants that the error of fact was not called to the attention of the trial court that such a

course might have been pursued as to postpone the determination of their cases.

No other reasonable presumption can be indulged than that the court if satisfied that the fears of the appellants had any foundation in fact would have refused to receive their pleas and would have authorized a continuance of the cases or a change of venue.

The very nature of appellants' averment in support of the application for the writ shows that from the time of their re-arrest to the entry of their pleas, they were, if their allegations are to be taken as true, possessed of a full knowledge of the existence of the fact claimed to be error. This being true, it was their duty to make it known to the court that immediate action might be taken to afford them a fair trial instead of concealing the fact and entering pleas of guilty. The law does not contemplate that when one seeking this writ is possessed of the knowledge of the error of fact and has other equally effective remedies which he fails to invoke, that he may thereafter seek to assail the integrity of the judgment upon the strength of such concealed fact, when its timely disclosure would have afforded other relief equally effective and thus prevented the necessity of a retrial.

Ample provision is made by our code for affording persons charged with crime a fair and impartial trial. The statute providing for the granting of changes of venue to defendants is adequate in this respect. [Art. 11, Chap. 25, R. S. 1919.] There was, therefore, ample remedy afforded the appellants which would have obviated the necessity of the application for this writ. Under such circumstances, the trial court did not err in overruling the motion. [Alexander v. State, 20 Wyo. 241, 35 A. & E. Ann. Cas. 1282.]

It must be borne in mind that the writ of error *coram nobis* is not to be regarded as a writ of right, but rather of necessity, and is to be allowed only upon its being made to appear with reasonable certainty that there has been an error of fact which could not, with a proper regard for the rights of the accused, be otherwise remedied.

[Birch v. Triste, 8 East, 414; Tyler v. Morris, 20 N. C. 487, 34 Am. Dec. 395; Ferris v. Douglass, 20 Wend. (N. Y.) 626; Higbie v. Comstock, 1 Denio (N. Y.) 652; Collins v. State, 66 Kan. 201; Alexander v. State, 20 Wyo. 241, 35 A. & E. Ann. Cas. 1282.]

A prime reason to sustain the issuance of the writ, patent to any one familiar with its history, is that the accused may be afforded a fair and impartial tril. A continuance, therefore, of the cases or the granting of changes of venue, either of which it is but reasoanble to presume would have been granted, afforded other remedies which would have secured to the appellants all of their rights in the premises. Failing to invoke either, they should not, in an impartial administration of justice, be heard to complain.

V. Another requisite to the granting of the writ is that the error of fact was not known to the trial court at the time of the rendition of the judgment. The presumption, in harmony with a proper conception of judicial duty, is that, if known at the time, the judgment would not have been rendered. The record is replete with proof that the court at the time the pleas of guilty were entered was in possession of whatever knowledge was to be had in regard to the existence of this alleged fact. This is shown by its findings. Notwithstanding this knowledge, after a careful examination of the appellants, apart from the presence of any others, their pleas were accepted. The presumption must follow, therefore, that the court found that the fact now complained of did not exist, otherwise the pleas would not have been accepted.

*Court's Knowledge of Fact.*

The court's knowledge of the errors of fact established, its ruling upon same became a matter adjudicated, not to be interfered with except in the presence of the most cogent countervailing proof. [State v. Stanley, 225 Mo. l. c. 534; Karicofe v. Schwaner, 196 Mo. App. l. c. 571; State v. Heinrich, 14 Mo. App. 146; Marble v. Vanhorn, 53 Mo. App. 361; Asbell v. State, 62 Kan. 209; Hol-

ford v. Alexander, 12 Ala. 280; Richardson v. Jones, 12 Gratt. (Va.) 53.]

Impressed with the earnestness and ability which characterized the presentation of this case, we have reviewed it with more than usual care. This review has led us to a different conclusion from that entertained at the close of the oral argument. Well satisfied from the record that the appellants have been deprived of no substantial right by the rulings of the trial court, the judgment should be affirmed. It is so ordered. *David E. Blair, J.*, concurs; *James T. Blair, C. J.*, and *Graves, J.*, each concur in separate opinions; *Higbee* and *Edler, JJ.*, concur in separate opinion of *Graves, J.; Woodson, J.*, absent.

JAMES T. BLAIR, C. J. (concurring).—I. This case is here on appeal. The application for the writ was made to the Circuit Court of Randolph County. That court heard the evidence and passed upon the question of fact presented. Appellants requested a finding of fact. Among the facts they asked the trial court to find was the following: ''That at the time said prisoners entered said pleas of guilty each and all of them were fearful that they would be lynched.'' The court refused so to find, but found in lieu:

*Finding of Trial Court.*

''And the court finds from his own knowledge:

''5. That at the time said prisoners were before the bar and after they had announced their pleas, the court called them to the corner of the judge's desk and talked to them out of the hearing of other parties in the court-room; that George Adams insisted that he was not guilty of the charge of robbery and the other defendant corroborated his statement, but admitted that they and said Anderson were all implicated in the robbery charged; that the said Adams admitted that he was guilty of carrying concealed weapons in the city of Moberly as charged by the prosecuting attorney.

''The pleas of guilty made by defendants Richardson and Taylor were thereupon accepted, and defendant

State v. Richardson and Taylor.

Adams entered plea of guilty to charge of carrying concealed weapons, and all defendants were sentenced.''

The refusal of the court to find as a fact that appellants pleaded guilty under force of a then present and existing fear of mob violence amounts to a finding that no such fear influenced appellants to plead guilty. The finding was made on conflicting evidence, and the usual rule applies on this appeal. The record is not such as to warrant this court in overturning the finding made.

II. The applicability of the writ to a case of this kind is at least subject to grave doubt. An examination of the cases cited by appellants discloses this. This is not a judgment against an insane person, a minor, a woman under coverture (without right to sue or be sued), or the like, rendered in ignorance of such disability. Duress is a species of undue influence. May it be that equity might be resorted to for the purpose of setting aside a judgment based on a plea of guilty which resulted from fear arising out of circumstances such as some of the evidence in this case tends to prove? The cases cited which hold that the writ of error *coram nobis* will lie are not entirely satisfactory. For the reason first given I concur in the result.

*Duress: Error Coram Nobis.*

GRAVES, J. (concurring).—I concur in much that is said in the opinion, but do not follow it in full. For this reason I concur in the result on the ground that the facts pleaded and shown do not make out a case under the law governing motions in the nature of writs of error *coram nobis,* as ruled by the many opinions of this court cited in the majority opinion. I think the remedy against this judgment is in equity. *Higbee* and *Elder, JJ.,* concur in these views.