## STATE v. WOODARD.

No. 6830.   Decided June 29, 1945.   (160 P. 2d 432.)

See 24 C. J. S., Criminal Law, sec. 1606; writ of coram nobis **where** plea of guilty is entered, note, 30 A. L. R. 686. See, also, 31 Am. **Jur.,** 323.

*Gordon Hoxie,* of Salt Lake City, for appellant.

*Grover A. Giles,* Atty. Gen., and *W. Stanford Wagstaff,* Asst. Atty. Gen., for respondent.

WADE, Justice.

In September 1942, Karl Woodard was charged with grand larceny in that he was accused of stealing certain

rims, tires and a tube, the value of which was over $50. He pleaded guilty and was sentenced by the court to an indeterminate term in the state penitentiary. While confined in the penitentiary he learned that under an O. P. A. price regulation the value of the articles which he had stolen was $48.94 and was not in excess of $50 as alleged in the complaint by the state. The time within which a motion for a new trial could have been made or an appeal taken having elapsed, Woodard filed a petition for a writ of coram nobis in the same court in which he had pleaded guilty and in which he had been sentenced. The petition alleged that the plea of guilty was entered because of defendant's ignorance of the fact that the true value of the articles stolen was less than $50 and that this ignorance was not due to any fault or negligence on his part. The court denied the writ and he appeals from this ruling.

Without deciding, but assuming that the writ of coram nobis is available in this state, it is our opinion that the district court did not err in refusing to grant the writ.

A writ of coram nobis, where available, seeks to obtain a review of a judgment on the ground that certain mistakes of fact have occurred which were unknown to the court and to the parties affected, and that but for such mistakes the judgment would not have been rendered. 31 Am. Jur. on Judgments, Sec. 802; *State* v. *Richardson,* 291 Mo. 566, 237 S. W. 765; *Alexander* v. *State,* 20 Wyo. 241, 123 P. 68, Ann. Cas. 1915A, 1282. However, for a party to be entitled to this writ it must appear that the failure to present the facts to the court was not due to any negligence or fault of the party seeking the writ. As stated in 31 Am. Jur. on Judgments, Sec. 806:

"It is essential to the availability of the remedy of coram nobis or coram vobis that the mistake of fact relied upon for relief was unknown to the applicant at the time of the trial, and could not by the exercise of reasonable diligence have been discovered by him in time to have been presented to the court, unless he was prevented from so doing by duress, fear, or other sufficient cause, so that it was by

no negligence or other fault of his that the matter was not made to appear at the former trial. * * * ."

See also *State* v. *Richardson,* supra; *Alexander* v. *State,* supra; *State* v. *Boyd,* 117 Neb. 320, 220 N. W. 281, 58 A. L. R. 1283.

In the instant case the mistake of fact upon which the appellant relies is the value of the property stolen. The articles stolen were one Seiberling 6-ply heavy duty 625-16 air cushion tire, rim and tube and two Gates Valee tires, 6-ply heavy duty 625-16 rims and tires. It is apparent that these articles are of the type the value of which was readily ascertainable. The value of these articles at the time they were stolen could have been discovered with very little effort on the part of the defendant. His failure to do so and to call the court's attention to the fact that their value was less than $50, if that were so at that time, was clearly negligence and therefore the court did not err in refusing to grant the writ.

Affirmed.

LARSON, C. J., and McDONOUGH, TURNER, and WOLFE, JJ., concur.