No. 9076.   STATE OF MONTANA *v.* HERBERT HALES.

230 Pac. (2d) 960.

Decided March 16, 1951.

*Herbert W. Hales* pro se.

PER CURIAM.

The clerk of this court has received from Herbert W. Hales, an inmate of the state prison, a letter with the petition of such inmate attached, reading: "Sir. Please file enclosed Petitions and direct same in proper channels for hearing. Also please notify Attorney General Arnold Olsen that your office has received enclosed Petitions. Thanking you for all consideration, I am: Yours Truly, Herbert W. Hales."

The clerk of this court has submitted the above papers to this court for instructions. Such papers represent that to an information filed in the District Court of the Ninth Judicial District, in and for the State of Montana by leave of court on May 24, 1950, purporting to charge the defendant Herbert W. Hales with the crime of grand larceny of one (1) car heater, one (1) adapter kit, two (2) frost shields, three (3) gallons Prestone, more or less, all of which personal property is of a value of more than $50.00 in the aggregate, the property of another, to-wit: Klinger's garage, and to appropriate the same to his own use; that said defendant appearing without counsel entered a plea of guilty to the offense charged and that thereafter judgment of conviction was pronounced against the defendant and he was sentenced to serve a term of years in the state prison.

The papers represent that the true retail value of the aggregate articles set forth in the information amounts to $44.90, and that such value is insufficient to warrant or otherwise sustain the charge of grand larceny of which he was convicted.

Apparently the papers are in the nature of a petition for the common law writ of error coram nobis. See Sanders v. State, 85 Ind. 318, 325, 45 Am. Rep. 29; State ex rel. Emmert v. Gentry, 223 Ind. 535, 62 N. E. (2d) 860, 862, 161 A. L. R. 523; Application of Lyons, 272 App. Div. 120, 69 N. Y. S. (2d) 715, 719; People v. Mons, 195 Misc. 479, 92 N. Y. S. (2d) 14, 17; People v. Adamson, 34 Cal. (2d) 320, 210 Pac. (2d) 13, 15; In re Dyer, 85 Cal. App. (2d) 394, 193 Pac. (2d) 62, 69; People v.

616

Paiva, 31 Cal. (2d) 503, 190 Pac. (2d) 604, 606; People v. Coyle, 88 Cal. App. (2d) 967, 200 Pac. (2d) 546; People v. Butterfield, 37 Cal. App. (2d) 140, 99 Pac. (2d) 310, 311; State v. Woodard, 108 Utah 390, 160 Pac. (2d) 432, 433; Anderson v. Buchanan, 292 Ky. 810, 168 S. W. (2d) 48, 52, 53; People v. Gleitsman, 396 Ill. 499, 72 N. E. (2d) 208, 209; Pike v. Pike, 239 Mo. App. 655, 193 S. W. (2d) 637, 640; Williams v. Dowd, 7 Cir., 153 F. (2d) 328, 330.

In view of the fact that as a general rule the jurisdiction of a ▆ writ of coram nobis is in the court which rendered the judgment and where the record is, 24 C. J. S., Criminal Law, sec. 1606, page 152, it would appear that the petition should be forwarded to the Clerk of the district court of Toole County at Shelby, Montana, and by him called to the attention of the presiding judge of the Ninth Judicial District of the State of Montana, and that the petitioner Hales and the Attorney General be informed by letter of such transfer.

It is so ordered.