**STATE of Missouri, Respondent,**

v.

**Glen CROW, Appellant.**

**No. 56308.**

Supreme Court of Missouri,
Division No. 2.

Jan. 10, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Kelly Pool, Jefferson City, Henry Warten, Joplin, for appellant.

FINCH, Alternate Judge.

This is an appeal from the denial of a petition for writ of error coram nobis.

Appellant's petition attacked a 1964 judgment wherein he was sentenced under the Second Offender Act (§ 556.280, V.A.M.S.) to ten years for burglary and five years for stealing. The ground for relief asserted in the petition is that a prior conviction for stealing chickens in the nighttime, proved as a basis for applying the Second Offender Act, was void under the case of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, because it disclosed on its face that appellant was not represented by counsel at the time of the judgment and sentence therein. The trial court, without conducting an evidentiary hearing or appointing counsel, overruled appellant's petition on the ground that all matters asserted therein had been adjudicated adversely to the appellant on prior motions or appeals. We reverse and remand.

■ At the outset, the state asserts that appellant should have sought relief under Supreme Court Rule 27.26, V.A.M.R. rather than by petition for writ of error coram nobis. This contention is based on the assumption that appellant, at the time of the filing of this proceeding, was serving the sentence which he attacked. However, information subsequently furnished by the Attorney General discloses that appellant had been released on commutation of this sentence prior to the institution of this proceeding and coram nobis is an appropriate remedy. State v. Stodulski, Mo., 298 S.W.2d 420.

■■ The state urges in its brief that the issue now presented has been tried, considered and adjudicated previously. It refers particularly to what this court said on motion for rehearing in State v. Crow, Mo., 388 S.W.2d 817, 822. However, we

have checked that and other proceedings as shown by records in this court, and without detailing these various cases and what they involve, we find that the issue now raised has not been decided. Accordingly, we conclude that the order of the trial court overruling the petition on the basis that the grounds asserted therein had been decided previously must be reversed and the cause remanded for a hearing on the issue presented.[1] At that time both sides will be afforded an opportunity to present evidence as to whether appellant had counsel in connection with the judgment and sentence for stealing chickens in the nighttime, and if he did not, whether he knowingly and intelligently waived such counsel.

Since this case is being remanded for hearing, we deem it appropriate to refer to another question which ought to be resolved on remand. The information charging appellant in the burglary and stealing case actually alleged two prior convictions as well as the offenses of burglary and stealing. One prior conviction was for stealing chickens in the nighttime, the case in which appellant now contends that he did not have counsel. The other prior conviction was for attempted jailbreak in 1943. If this later prior conviction justified prosecution of appellant under the Second Offender Act when he was charged and convicted with burglary and stealing, then he would not be entitled to relief in his coram nobis proceeding herein even if he was without counsel at the time of his conviction and sentence in the case of stealing chickens in the nighttime and even though he had not sufficiently waived counsel. Hence, on remand, we suggest that attention be given to this question of whether the other prior conviction justified conviction under the Second Offender Act.

This question of whether the prior conviction for attempted jailbreak would justify application of the Second Offender Act is not raised in the petition for writ of cor-

[1.] We also conclude, contrary to the contention of appellant, that mere silence of the record in the case for stealing chickens in the nighttime as to whether defendant had counsel at the time of judgment and sentence is not sufficient to show absence of counsel or lack of waiver thereof.

am nobis, and hence is not involved in this case at the present time. The brief filed in this court by appointed counsel for appellant points out that the judgment in the case of attempted jailbreak did not show presence of counsel, but there is no evidence with reference thereto and, as previously mentioned, the issue is not even raised in the petition for writ of coram nobis. It may be raised by amendment on remand.

In connection with this prior conviction for attempted jailbreak, we also realize that on a prior direct appeal it was asserted that such offense was a misdemeanor and could not serve as a basis for invoking the Second Offender Act.[2] This court in State v. Crow, Mo., 388 S.W.2d 817, concluded that it was not necessary to reach that question and hence it was not decided. However, we should point out that such a question was considered subsequently by this court in State v. Bosler, Mo., 432 S. W.2d 237 [3–4].

Reversed and remanded.

All of the Judges concur.

---

2. In this connection, we note from what is before us that the judgment in this case for attempted jailbreak was corrected in 1964 in that punishment was reduced from imprisonment in the penitentiary for two years to imprisonment for one year in the county jail.