**Glen CROW, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 9378.**

Missouri Court of Appeals, Springfield District.

Feb. 22, 1973.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

Henry Warten, Joplin, for movant-appellant.

BILLINGS, Judge.

This is an appeal from the denial of an amended petition for a writ of error coram nobis. We affirm the judgment of the trial court.

The history of this case vividly demonstrates the various constitutional thoroughfares opened to convicted defendants by the Federal Judiciary in recent years and the resultant imposition of a federal code of criminal procedure on the States. This review marks the fourth appellate consideration of appellant's attacks on sentences originally entered in 1962.[1] Because this proceeding also questions the validity of

---

1. State v. Crow, Mo., 377 S.W.2d 129 (April 8, 1964); State v. Crow, Mo., 388 S.W.2d 817 (April 12, 1965); State v. Crow, Mo., 475 S.W.2d 71 (January 10, 1972). This court denied appellant's petition for a writ of habeas corpus March 22, 1962, in case no. 8124 and on September 19, 1972, denied appellant's petition for a writ of mandamus in connection with a pending motion under Rule 27.26 V.A.M.R., in the Circuit Court of Jasper County, Missouri.

prior convictions of 1943 and 1944, used in applying the Second Offender Act [§ 556.-280, V.A.M.S., and hereinafter referred to as the Act], a chronological account of events is called for.

In 1943 appellant was arrested and charged with the felony of stealing chickens in the nighttime (§ 560.161, V.A.M.S.). While awaiting trial on this charge he was charged with attempting to break jail [§ 557.410, V.A.M.S.]. On October 18, 1943, he entered a plea of guilty to this latter charge and was sentenced to two years in the penitentiary. Appellant entered a plea of guilty in the chicken stealing case on January 19, 1944. He was sentenced to a two year term in the penitentiary with the sentence to be served concurrently with the earlier sentence.

On March 6, 1962, appellant was found guilty of burglary and stealing by a jury and by reason of the aforesaid prior convictions the Act was found applicable. Allocution and sentencing of appellant was deferred until April 24, 1962, at which time appellant's employed trial attorney failed to appear. However, he was sentenced under the Act to terms of ten years for burglary and five years for stealing with the sentences to be served concurrently. Appellant's first appeal followed.

In State v. Crow, Mo., 377 S.W.2d 129, the case was reversed and remanded for allocution [the reasons therefor being set forth at pages 132, 133]. In the opinion the court agreed with appellant that a violation of § 557.410, V.A.M.S. [attempted jail break] was a misdemeanor but did not find it necessary to determine if such an offense was sufficient to invoke the Act since the allegation and proof of the chicken stealing offense was sufficient to make the Act applicable.

Thereafter, on May 7, 1964, appellant filed a motion to set aside the sentences and judgments in the jailbreak attempt and the chicken stealing cases. On May 12, 1964, a corrected judgment was entered in the attempted jailbreak case and he was sentenced to one year in the county jail. He was credited with the time served in the penitentiary in the jailbreak attempt case and ordered discharged under that sentence. His motion attacking the chicken stealing judgment was overruled.

On May 13, 1964, allocution was granted appellant on the burglary and stealing charges and he was re-sentenced to the same terms he had earlier received but without credit for the approximately two years he had already served on these sentences. Appellant's second appeal followed.

In State v. Crow, Mo., 388 S.W.2d 817, the court again held the chicken stealing conviction was sufficient to invoke the Act, aside from any surplus allegation and proof of the jailbreak attempt conviction. The court ordered appellant be credited with the time he had spent in the penitentiary under the 1962 sentences and affirmed the judgment.

Subsequently, and sometime prior to April 6, 1970, appellant was released from custody by reason of the commutation of the burglary and stealing sentences. Appellant was returned to custody of the Department of Corrections under another judgment and sentence of the Circuit Court of Jasper County entered April 6, 1970. [See State v. Crow, Mo., 465 S.W. 2d 478].

In 1971 appellant filed his petition for a writ of error coram nobis in the Circuit Court of Jasper County attacking the application of the Act in his burglary and stealing sentences.[2] Upon denial by the trial court, appellant's third appeal was filed.

---

2. "The purpose of these writs generally [is] to attempt to invalidate previous convictions, so that the petitioner [will] not be liable for prosecution . . . under the Habitual Criminal Act." Gladden, Criminal Law in Missouri–1957, 23 Mo.L.Rev. 408 at page 418 (1958).

On review the Supreme Court [State v. Crow, Mo., 475 S.W.2d 71], held appellant was entitled to appointed counsel and an evidentiary hearing on his allegation he was not represented by counsel at his chicken stealing plea, this issue not having been ruled in the prior appeals. In remanding the case the court said (1. c. 72):

" . . . At that time both sides will be afforded an opportunity to present evidence as to whether appellant had counsel in connection with the judgment and sentence for stealing chickens in the nighttime, and if he did not, whether he knowingly and intelligently waived such counsel.

"Since this case is being remanded for hearing, we deem it appropriate to refer to another question which ought to be resolved on remand. The information charging appellant in the burglary and stealing case actually alleged two prior convictions as well as the offenses of burglary and stealing. One prior conviction was for stealing chickens in the nighttime, the case in which appellant now contends that he did not have counsel. The other prior conviction was for attempted jailbreak in 1943. If this later prior conviction justified prosecution of appellant under the Second Offender Act when he was charged and convicted with burglary and stealing, then he would not be entitled to relief in his coram nobis proceeding herein even if he was without counsel at the time of his conviction and sentence in the case of stealing chickens in the nighttime and even though he had not sufficiently waived counsel. Hence, on remand, we suggest that attention be given to this question of whether the other prior conviction justified conviction under the Second Offender Act.

"This question of whether the prior conviction for attempted jailbreak would justify application of the Second Offender Act is not raised in the petition for writ of coram nobis, and hence is not involved in this case at the present time. The brief filed in this court by appointed counsel for appellant points out that the judgment in the case of attempted jailbreak did not show presence of counsel, but there is no evidence with reference thereto and, as previously mentioned, the issue is not even raised in the petition for writ of coram nobis. It may be raised by amendment on remand.

"In connection with this prior conviction for attempted jailbreak, we also realize that on a prior direct appeal it was asserted that such offense was a misdemeanor and could not serve as a basis for invoking the Second Offender Act. This court in State v. Crow, Mo., 388 S. W.2d 817, concluded that it was not necessary to reach that question and hence it was not decided. However, we should point out that such a question was considered subsequently by this court in State v. Bosler, Mo., 432 S.W.2d 237 [3–4]."

On June 2, 1972, through appointed counsel, appellant filed an amended petition for a writ of error coram nobis seeking to set aside the May 13, 1964, judgment for burglary and stealing. His alleged grounds for relief were: (a) that in the chicken stealing case he was not represented by counsel and did not knowingly and intelligently waive his right to counsel; (b) that the attempted jailbreak case conviction could not be considered to make the Act applicable because (1) it had been set aside on May 12, 1964, and, (2) on May 12, 1964, he was not represented by counsel, did not waive his right to counsel and did not plead guilty on May 12, 1964.

Following a lengthy evidentiary hearing on July 19, 1972, the trial court entered findings of fact and conclusions of law and overruled appellant's motion.

Since the appellant is not in custody under the burglary and stealing sentences he seeks to have invalidated, coram nobis, rather than a motion under Rule 27.-

26, V.A.M.R., is an appropriate remedy. Halley v. State, Mo., 485 S.W.2d 5, Bibbs v. State, Mo., 476 S.W.2d 590; State v. Crow, Mo., 475 S.W.2d 71; State v. Stodulski, Mo., 298 S.W.2d 420. And as Stodulski held (l. c. 425) the burden was on appellant to prove the allegation of his motion and overcome the presumption the proceedings were correct. See also Collins v. State, Mo., 450 S.W.2d 186.

An action to vacate a judgment of conviction by motion under Rule 27.26 or by coram nobis is a civil proceeding and governed by the rules of civil procedure. State v. Warren, Mo., 344 S.W.2d 88; State v. Smith, Mo., 324 S.W.2d 707. Our review is limited to the determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Thomas v. State, Mo., 465 S.W. 2d 513. And in determining the fact issues raised by appellant in his petition, the credibility of witnesses and weight of evidentiary matters are for the trial court. Lansdown v. State, Mo., 464 S.W.2d 29; Peterson v. State, Mo., 444 S.W.2d 673; certiorari denied 398 U.S. 931, 90 S.Ct. 1827, 26 L.Ed.2d 95, re-hearing denied 399 U.S. 937, 90 S.Ct. 2257, 26 L.Ed.2d 810.

At the evidentiary hearing appellant's evidence focused on the factual issue referred to in State v. Crow, Mo., 475 S.W. 2d 71, namely, that at the time he entered the plea of guilty to stealing chickens in the nighttime he was not represented by counsel, and that he did not knowingly and intelligently waive his constitutional right to assistance of counsel.

Appellant's father testified he employed Attorney R. A. Mooneyham [now deceased] to represent his son in the chicken stealing case; that he (the father) was present in the courtroom at Carthage on January 19, 1944, when appellant pleaded guilty and that Attorney Mooneyham was not present. He said that after the court proceedings he went across the street to the attorney's office in Carthage and was advised by Mr. Mooneyham the case was

not supposed to have come up until he was there. The father said he was not in the courtroom on October 18, 1943, when appellant first entered a plea of guilty to the charge, or, on November 13, 1943, when appellant was permitted to withdraw his guilty plea and enter a not guilty plea. He was not present when the guilty plea of attempted jailbreak was made on October 18, 1943. The father said he had *never* had any conversation with appellant concerning Attorney Mooneyham not being present on January 19, 1944.

Appellant's testimony concerning his attorney can be summarized as follows: his father hired Attorney Mooneyham who came to the jail to see him after appellant was incarcerated about June 19, 1943, for stealing chickens in the nighttime; the attorney counseled with him about the case and appeared with him at arraignment [September 20, 1943] in Circuit Court and he entered a plea of not guilty; between that time and January 19, 1944, his attorney saw him at the jail two or three times; of the "at least six times" he appeared in Circuit Court he only saw Attorney Mooneyham the first time.

Appellant testified that on January 19, 1944, he was in the courtroom at Joplin and Attorney Mooneyham was not present. Judge Ray Watson asked him where his lawyer was or if he had a lawyer and he advised the Court Mr. Mooneyham was his lawyer. The prosecutor then said Attorney Mooneyham was out-of-town. The judge said he couldn't put the case off any longer and " . . . I would either have to plead guilty or stand trial that day . . . " Appellant said he was scared and told the court "Since I don't have a lawyer I guess I will plead guilty."

Appellant testified that pursuant to a motion he filed the attempted jailbreak judgment and sentence were set aside by Judge Watson on May 12, 1964, and he did not on that date enter a plea and was not represented by an attorney.

On cross-examination appellant was not sure whether he had a preliminary hearing on the chicken stealing case; he did not remember withdrawing his not guilty plea on October 18, 1943, and entering a plea of guilty in the chicken stealing case [sentencing was deferred until October 23, 1943; [*October 18, 1943, is also the date appellant entered a plea of guilty to the attempted jailbreak*]; neither did appellant remember withdrawing his guilty plea on November 13, 1943, and the case being continued to the next regular term. Appellant did not remember seeing his father in the courtroom on January 19, 1944. Attorney Mooneyham only appeared in court with him one of six times, at arraignment in the chicken stealing case. The case was continued each time he was in court because his lawyer was absent. He admitted Attorney Mooneyham was present when he entered his plea of guilty on October 18, 1943, in the jailbreak attempt case.

Former Circuit Judge Ray E. Watson identified his docket sheet in the chicken case and his handwriting showing R. A. Mooneyham as attorney of record for appellant. Judge Watson testified no action was ever taken in any case without an attorney of record being present and his entries of September 20, October 18, November 13 (all in 1943), and January 19, 1944, would not have been made without Attorney Mooneyham being present.

There was evidence that in 1943 and 1944 the Clerk, in preparing formal judgments, did not show appearance of counsel. Judge Watson also said that while it was his practice to write the name of the attorney of record on his docket sheet he did not show counsel was present with his client at the various appearances of a defendant.

From the foregoing evidence the trial court filed a memorandum making findings of fact and his conclusions of law. The court found that in the burglary and stealing case the court there found appellant had prior convictions of attempted jailbreak and stealing chickens in the nighttime and applied the Act in sentencing appellant. The court found appellant was represented by counsel who was present at the time of the guilty plea in the chicken stealing case and that this plea was freely and voluntarily entered. The hearing court also found the testimony of appellant and his father unworthy of belief.

Based on such findings the lower court held that both the attempted jailbreak and stealing chickens in the nighttime convictions warranted the application of the Act and denied appellant's amended motion. In so ruling the court necessarily determined appellant had failed in his burden to prove his allegations by a preponderance of the evidence [State v. Rose, Mo., 440 S.W.2d 441] or reasonable certainty [State v. Richardson, 291 Mo. 566, 237 S.W. 765].

There was evidence that appellant was represented throughout the chicken stealing case, including the guilty plea on January 19, 1944, by Attorney Mooneyham. His attorney was shown as attorney of record on the judge's docket sheet. Appellant admitted his lawyer's presence at arraignment on September 20, 1943. Although he denied Attorney Mooneyham's presence on October 18, 1943, in the chicken stealing case he admitted his lawyer was present the same date when he entered his guilty plea in the attempted jailbreak case. The trial court was not required to believe appellant's testimony and found it unworthy of belief. The judge who accepted the pleas did not take up cases without the attorneys of record being present. Since appellant and his attorney were both present when he entered his plea in the attempted jailbreak case on October 18, 1943, the court could reasonably conclude that the attorney was in fact present in the chicken stealing cases on the dates of October 18, November 13, and January 19, 1944.

As to appellant's allegations concerning the invalidity of the attempted jailbreak conviction the evidence showed and appellant admitted that he was in fact repre-

sented by an attorney on October 18, 1943, when he entered his plea of guilty to this charge.

To avoid the consequences of this conviction insofar as its use to make applicable the Act in the 1962 trial, appellant's theory is that since the two-year judgment and sentence was corrected on May 12, 1964, by the sustention of his motion to vacate this sentence and the entry of a proper sentence and judgment, this conviction could not be considered by the court on May 13, 1964, in re-sentencing him under the Act following allocution on the burglary and stealing convictions. This because on May 12, 1964, he was not represented by counsel, did not waive his right to counsel, and did not plead guilty.

Appellant's arguments cannot stand. His plea of guilty to the attempted jailbreak occurred more than 20 years earlier when his attorney was admittedly present. On May 12, 1964, pursuant to appellant's motion the court *corrected* the earlier judgment and sentence. This did not involve a new plea of guilty. Courts are empowered to correct an erroneous judgment and sentence. In so holding in Johnson v. State, Mo., 442 S.W.2d 41, the Supreme Court of Missouri, said (l. c. 46): " . . . Although there was an early case, Ex parte Page, 49 Mo. 291, which held that a sentence in excess of the statutory limits was void and could not be amended in habeas corpus proceedings, there was thereafter in 1877 a statute enacted, R.S.Mo.1929, § 1496 (now § 532.400, RSMo 1959, V.A.M.S.), providing that no person shall be entitled to the provisions of the chapter on habeas corpus by virtue of a judgment of confinement as to time or place of imprisonment, but it shall be the duty of the court to sentence such person to the proper place of confinement or the correct length of time from and after the date of the original sentence. See LaGore v. Ramsey, Warden, Mo., 126 S.W.2d 1153, 1154. Furthermore, the provisions of Rule 27.26, V.A.M.R., provide specifically that where the sentence was in excess of the

maximum authorized by law the court may correct the sentence. This rule, in its effect, accords with the weight of authority that a sentence in excess of that authorized by law is not void, but is merely erroneous. 24 C.J.S. Criminal Law § 1584, p. 576. . . . The latter sentence was not, in any event, void, but was correctable, as was done, in this proceeding."

In this appeal appellant seeks to inject new issues, namely, (A) that regardless of whether he was or was not represented by an attorney at the time of his guilty plea in the chicken stealing case the plea was invalid because it was not knowingly and understandingly made, citing State v. Reese, Mo., 481 S.W.2d 497; and, (B) that prior convictions other than the chicken stealing and attempted jailbreak were considered in the application of the Second Offender Act.

These allegations were not in appellant's motion as grounds for relief and we would be warranted in summarily dismissing them. However, in an effort to bring some degree of finality to appellant's fourteen plus years attack on his burglary and stealing convictions, we will consider the same.

First of all State v. Reese, supra, was ruled on the failure of the trial court to follow Rule 25.04, V.A.M.R., in accepting a 1955 guilty plea, the rule having been adopted in 1953. Reese is of no assistance to appellant because a trial judge in 1943 and 1944 was not required to make the inquiries and explanations under Rule 25.04. Secondly, the appellant offered no evidence to support this belated assertion.

Appellant's remaining point is not supported by the evidence. The record reflects that the only convictions ever considered by the sentencing court in *determining the applicability of the Second Offenders Act* were those alleged in the amended information and proved up in the burglary and stealing trial. In assessing the punishment, a trial court can and should take into consideration a convicted defendant's crim-

inal history, if any. State v. Armstrong, Mo., 433 S.W.2d 270. Rule 27.07, V.A.M. R., provides for a pre-sentence investigation and one of the items of information to be included in the report is " . . . any prior criminal record of the defendant." The statutory provisions for the grant of judicial paroles [§§ 549.060–549.190] contemplates the trial judge will consider a convicted defendant's past history, including his prior convictions, if any, in determining his eligibility for and suitability for parole or probation. The point is without merit.

From our review of the appellant's amended motion, the evidence presented at the evidentiary hearing, the trial court's findings and conclusions, we hold that the attempted jailbreak and chicken stealing convictions were free from constitutional infirmities and allegation and proof of either conviction was sufficient to invoke the application of the Second Offender Act.

The judgment is affirmed.

TITUS, C. J., and HOGAN and STONE, JJ., concur.