Eloy Paul LOPEZ, Petitioner
and Appellant,

v.

Kenneth V. SHULSEN, Respondent.

No. 18939.

Supreme Court of Utah.

Jan. 16, 1986.

J. Bruce Savage, Park City, for petitioner and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for respondent.

HALL, Chief Justice:

■ Eloy Paul Lopez appeals the denial of his pro se petition for writ of error coram nobis, which the district court treated as a petition for writ of habeas corpus.[1]

On September 7, 1978, Lopez was convicted of second degree murder.[2] The victim died of two skull fractures after Lopez kicked him in the head with steel-toed boots. Following an appeal to this Court, the conviction was affirmed on February 24, 1981.[3]

Lopez filed the subject petition on September 14, 1982, claiming: (1) that the Utah Legislature amended U.C.A., 1953, § 76–5–203 (1)(c) by deleting the word "recklessly," effective May 8, 1979, and thus changed the elements of the crime for which he was convicted while his appeal was pending; and (2) that a jury instruction given at trial shifted the burden of proof or constituted a conclusive presumption on the element of intent and was, therefore, unconstitutional under *Sandstrom v. Montana*.[4]

The district court concluded that, because the foregoing contentions were not advanced by Lopez as points of error on direct appeal, he was precluded from raising them in this proceeding and, in any event, his contentions were without merit.

■ Habeas corpus is not available as a substitute for appellate review.[5] In all but extraordinary circumstances, such as when the court is without jurisdiction over the person or the offense, where there has been a substantial and effective denial of due process, or when it would be unconscionable not to review the conviction, assertions of error that could have been raised on appeal cannot be raised by habeas corpus.[6]

■ This Court's affirmance of the murder conviction came twenty-one months after section 76–5–203(1)(c) was amended and nearly twenty months after *Sandstrom* was decided. Therefore, the assertions of error Lopez now raises were known or should have been known during the time his direct appeal was pending in this Court.

Lopez was represented by two experienced and well-respected members of the criminal bar on his direct appeal. Now, for the first time, he claims lack of effective assistance of counsel by reason of their failure to raise as points on appeal the issues he presents in this proceeding.

■ Ineffectiveness of counsel was not raised as an issue in defendant's petition to the district court. Therefore, the district court was not given an opportunity

---

1. A writ of coram nobis seeks review of a judgment on the ground that judgment would not have been rendered but for mistakes of fact which were unknown to the trial court and the parties. *State v. Woodard*, 108 Utah 390, 391, 160 P.2d 432, 433 (1945). *See also Sullivan v. Turner*, 22 Utah 2d 85, 88, 448 P.2d 907, 909 (1968). Coram nobis is a limited remedy of narrow scope and is available, where no other remedy exists, to correct errors of fact, not errors of law. Since the facts remain unchanged following the jury verdict and sentencing, and because only issues of law are raised, the petition was appropriately treated as one seeking habeas corpus, and it is so treated here.

2. In violation of U.C.A., 1953, § 76–5–203(1).

3. *State v. Lopez*, Utah, 626 P.2d 483 (1981).

4. 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

5. *Codianna v. Morris*, Utah, 660 P.2d 1101, 1104 (1983).

6. *Id.* at 1104–05; *Brown v. Turner*, 21 Utah 2d 96, 98, 440 P.2d 968, 969 (1968); *Bryant v. Turner*, 19 Utah 2d 284, 286–87, 431 P.2d 121, 122–23 (1967).

to address the issue.[7] Familiar rules of appellate review preclude an issue being raised for the first time on appeal except under exceptional circumstances,[8] none of which are present in this case. Furthermore, Lopez has not borne the burden, which is his, to establish that any deficiency in the performance of counsel was prejudicial and that without counsel's alleged ineffectiveness there was a reasonable likelihood that there would have been a different result.

The issues presented not being cognizable in a habeas corpus proceeding, the judgment of the trial court is affirmed.

HOWE and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.

DURHAM, J., dissents.

---

7. Lopez claims to have raised the issue, but the record does not support that contention.

8. *State v. Steggell,* Utah, 660 P.2d 252, 254 (1983).